IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, on Behalf of Herself and Others Similarly Situated, § § § | | |
| Plaintiff, § § | CIVIL ACTION NO. _____ | |
| vs. § § | | |
| BRINKER INTERNATIONAL, INC., § § | | |
| Defendant. § | [JURY TRIAL DEMANDED] | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jennifer Roussell ("Roussell" or "Plaintiff") brings this collective action complaint on behalf of herself and others similarly situated to recover unpaid wages from Defendant Brinker International, Inc. ("Defendant").

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* In order to apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions: 1) The employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those

1

tips included in a tipping pool among employees who customarily and regularly receive tips. *Id.*

3. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

4. The overtime requirements of the FLSA serve the purposes of: 1) spreading out employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours; and 2) compensating employees who work overtime.

5. Defendant violates the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must pay a percentage of their tips to Defendant, which then distributes that portion of tips to employees who do not customarily and regularly receive tips. Accordingly, Roussell brings this collective action to recover unpaid wages under § 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

7. Roussell's claims arise under §§ 3(m) and 16(b) of the FLSA. 29 U.S.C. §§ 203(m) and 216(b). In connection with the acts and course of conduct alleged in this collective action complaint, Roussell engaged in commerce or in the production of goods for commerce. Further, Defendant is an employer that engaged in commerce or in the production of goods for commerce and is, therefore, covered by the FLSA.

8. Venue is proper in the Southern District of Texas – Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

### III. THE PARTIES

9. Plaintiff Roussell is a resident of Fort Bend County, Texas. Roussell is an employee employed by Defendant within the meaning of the FLSA. Roussell's consent to this action is attached hereto as Exhibit 1.

10. The class of similarly situated employees consists of all current and former servers of Defendant who were required to pay a percentage of their tips to Defendant's expediters at its Chili's restaurants. These similarly situated persons are referred to as "Members of the Class" or "the Class."

11. Defendant is a Delaware corporation that owns and operates full-service casual dining restaurants under the trade names of Chili's Grill & Bar, Corner Bakery Café, On the Border Mexican Grill and Cantina, Maggiano's Little Italy, Romano's Macaroni Grill, Rockfish Seafood Grill, and others. Upon information and belief, the restaurants owned and operated by Defendant are wholly or majority-owned subsidiaries of Defendant. While these subsidiaries are formally separate companies, they are managed as a single entity, at least for employment purposes, and all business and personnel policies for the subsidiaries are promulgated by Defendant. Furthermore, Defendant is an "employer" under the FLSA and acted as such in relation to Roussell and Members of the Class. Defendant may be served with process through its registered agent, Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

### IV. FACTS UNDERLYING THE CLAIMS

12. Roussell is a current server at Defendant's Chili's Grill & Bar ("Chili's") located at Highway 59 and Williams Trace Boulevard in Sugar Land, Texas. Roussell is a former server at

Defendant's Chili's located at Highway 6 and Bellaire Boulevard in Alief, Texas, and at Defendant's Chili's located at Loop 288 and Interstate Highway 35 in Denton, Texas. Defendant pays and/or has paid Roussell less than minimum wage, taking advantage of a tip credit, which allows Defendant to include in its calculation of Roussell's wages a portion of the amounts that Roussell receives in tips. Defendant requires Roussell and its other servers at its Chili's restaurants to contribute a portion of their total gross sales during each shift to a tip pool controlled by Defendant. Defendant then distributes the entire tip pool between bartenders, bussers, and expediters (also known as "expos," "Quality Assurance workers," and "QA's").

13. Defendant's expediters at its Chili's restaurants are not tipped employees. Because Roussell, as a tipped employee, is only required to contribute to a tip pool from which other tipped employees will draw, she is entitled to retain all tips that she was required to tip-out to Defendant's expediters at its Chili's restaurants. 29 U.S.C. § 203(m). Because Defendant's expediters at its Chili's restaurants received a portion of Roussell's tips, Defendant's practice is in clear violation of the FLSA.

14. Defendant's illegal pattern and practice with respect to requiring its servers to tip-out Defendant's expediters at its Chili's restaurants was and is in violation of the FLSA. Defendant knows or should know that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard carried, and continues to carry, out this illegal pattern or practice regarding tip-out to Defendant's expediters at its Chili's restaurants. Further, as set forth below, other former and current employees of Defendant were subjected to the same wrongful policies, practices, and/or procedures.

## V. COLLECTIVE ACTION ALLEGATIONS

15. Other persons employed as servers at Defendant's Chili's restaurants have been victimized by the foregoing patterns, practices, and/or policies, which is in violation of the FLSA. Many of these employees have worked with Roussell and have reported that they were required to tip-out a portion of their tips to Defendant, who subsequently distributed the tip-out to expediters at Chili's. Thus, from discussions with these employees and former employees, Roussell is aware that the illegal practices or policies imposed on her have been imposed on other current and former servers of Defendant at its Chili's restaurants.

16. Accordingly, Defendant's pattern or practice of requiring its servers to participate in an invalid tip pool, whereby Defendant's servers must pay a percentage of their tips to Defendant, which then distributes a portion of those tips to expediters—who are non-tipped employees—at its Chili's restaurants, is a generally applicable policy or practice and does not depend on the personal circumstances of the Members of the Class. Thus, Roussell's experience is typical of the experience of the Members of the Class.

17. All servers who were required to pay a percentage of their tips to Defendant's expediters at its Chili's restaurants are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore defined as:

> All current and former servers employed by Defendant at any time during the time period of November 1, 2002 to the present who were required to pay a percentage of their tips to Defendant's expediters at its Chili's restaurants.

## VI. CAUSES OF ACTION

18. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 17.

19. Defendant's practice of requiring its servers to pay a percentage of their tips to Defendant's expediters at its Chili's restaurants was and is in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, Roussell and all those similarly situated are entitled to minimum wage for

each hour worked, in addition to the amount they were required to tip-out to Defendant's expediters at its Chili's restaurants. *Id.*

20. Additionally, Roussell and all those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

### VII. Jury Demand

21. Roussell hereby demands a trial by jury.

### VIII. Prayer

22. WHEREFORE, Roussell respectfully requests that judgment be entered in her favor, awarding her and all similarly situated employees:

    a. minimum wage for each hour worked, in addition to wages equal to the amount they were required to tip-out to Defendant's expediters at its Chili's restaurants;

    b. an equal amount as liquidated damages as allowed under the FLSA;

    c. an injunction against further violations;

    d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    e. such other and further relief as may be required by law.

Respectfully submitted,

By: _____
Martin A. Shellist
State Bar No. 00786487
Federal ID No. 16456
Daryl J. Sinkule
State Bar No. 24037502
Federal ID No. 34842
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**Of Counsel:**
Shellist ✯ Lazarz LLP