IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. 4:05-CV-03733 |
| vs. | § § | |
| BRINKER INTERNATIONAL, INC., | § § § | Jury Requested |
| DEFENDANT. | | |

DEFENDANT BRINKER INTERNATIONAL INC.'S MOTION
TO EXTEND DISCOVERY PERIOD AND AMEND SCHEDULING ORDER

Defendant Brinker International, Inc. ("Brinker" or "Defendant"), hereby moves the Court for an order extending the period for discovery and amending related deadlines to permit meaningful class and merits discovery under the two-stage collective action process that the Fifth Circuit approved of in *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) and that this Court has expressly endorsed in a number of published decisions, most recently *Clarke v. Convergys Customer Management Group, Inc.*, 370 F. Supp. 2d 601, 605 (S.D. Tex. 2005) (Harmon, J.). The Court's current case management order, which was entered before the Court ruled on the appropriate notice process, currently calls for the close of discovery by May 31, 2007. Brinker, however, only learned the identity of the over 3,200 opt-ins at the end of January 2007. Of those who individuals who have opted-in, Brinker has only been able to conduct the depositions of six opt-ins. Thus, Brinker will necessarily require a number of additional months to take discovery as to whether the putative class is "similarly situated" and whether putative

class members have meritorious claims. Brinker will also request discovery as to those individuals from the putative class that Plaintiff intends to call at trial.

To permit necessary discovery as to the class and merits issues now at issue in this case, Brinker respectfully requests that the discovery deadline in this case be extended until September 28, 2007, that a deadline of July 31, 2007 be set by which to designate trial witnesses and that Brinker be permitted to file a motion to decertify the class on or before October 31, 2007. Defendant also requests that all related case management dates be extended accordingly.

## I.    BACKGROUND

Plaintiff Jennifer Roussell, a former Chili's Grill & Bar server, filed suit against Brinker on behalf of herself and all other "similarly situated" servers for alleging that Chili's required its servers to participate in an illegal tip pool in violation of the Fair Labor Standards Act (FLSA). (Docket No. 1.)  On August 28, 2006, the Court granted Plaintiff's Unopposed Motion for Notice to Potential Class Members and conditionally certified a representative class and ordered that notice of this lawsuit be sent to putative class members. (Docket No. 22.)  Under the Order, the putative class members were required to opt-in to the lawsuit by December 13, 2006. However, the opt-in period was extended until January 22, 2007 because a number of putative class members had not updated their current address with Brinker and did not receive a timely notice. *See* Plaintiff's Notice of Consent Filing at 1 (Docket No. 24).

Of the approximately 66,000 potential class members in this case, approximately 3,284 have opted into this lawsuit. Approximately 779 different Chili's Bar and Grills nationwide have at least one individual who either worked at that restaurant at the time they opted in or it was the last Chili's restaurant they worked in before opting in. Many of the opt-ins worked at multiple Chili's locations.

On March 17, 2006, the Court entered a Scheduling and Docket Control Order that, amongst other things, set March 31, 2007, as the discovery deadline. Plaintiff filed a Notice of Filing Consent with the Court on January 22, 2007, in which all 3,284 opt-ins were identified. Recognizing that additional time for discovery would be necessary in light of the number of opt-ins, pursuant to a Minute Order entered on February 27, 2007, the Court extended the discovery deadline to May 2, 2007, and set a Status Conference for that same day. After the May 2, 2007 Status Conference, the Court entered a Minute Order and again extended the close of discovery from May 2, 2007, to May 31, 2007.

Despite its diligent efforts, the 29-day extension for discovery has not allowed Defendant to complete the discovery it needs to defend against this nationwide lawsuit. Defendant has only been able to conduct the depositions of approximately six opt-ins (one of whom is the named Plaintiff, Jennifer Roussell), and an additional approximately twenty servers and QAs who elected not to opt into the lawsuit. The parties agreed to take depositions of individuals grouped by stores. Defendant has been able to conduct depositions at five of the approximately 779 stores for whom there is at least one opt-in.[1] As of the time this Motion is being filed, depositions have been scheduled for one additional store.

In addition to actively attempting to schedule its depositions, Defendant has diligently responded to Plaintiff's deposition requests. On April 20, 2007, Plaintiff served a second amended request for a Fed. R. Civ. P. 30(b)(6) deposition on four separate topics. Susan Sandidge, Assistant General Counsel for Brinker, gave her deposition as corporate representative

---

[1] Depositions of current and former Chili's employees have been conducted for the following four locations: Phoenix, Arizona; Lawton, Oklahoma; Burlington, Massachusetts; Wellington, Florida, and Fayetteville, North Carolina. The parties are scheduled to conduct depositions of current and former Chili's employees in Troy, Michigan in mid-June.

on April 25, 2007. Plaintiff also took the deposition of Brinker's expert, Michael Lynn, on April 14, 2007, and the deposition of Barbara Youngman on June 1. In addition to preparing for and defending this deposition, Defendant has also been responding to numerous class-wide discovery requests from Plaintiff and has already produced approximately 126,457 pages in response to Plaintiff's first set of document requests.

Discovery has currently been extended to May 31, 2007, subject to a further extension to be discussed during the status conference on June 6, 2007. There are over 50 depositions that have yet to be conducted, and the parties also need to serve and respond to written discovery. This discovery is essential and must be completed *before* summary judgment and decertification briefing can begin. Furthermore, dispositive and non-dispositive briefing must be completed before this case can proceed to trial. A 120-day extension of the current scheduling order, with a deadline of July 31, 2007 to designate trial witnesses, is warranted under these circumstances.

## II.     ARGUMENT

Case management deadlines can be extended upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *S&W Enters., L.L.C. v. Southtrust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Good cause exists to extend discovery and other case management deadlines when it becomes apparent that a party will be unable to obtain requested discovery within the established deadlines. *See id*. (good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension"). The courts have routinely found good cause exists to extend scheduling deadlines when a party has been unable to conduct necessary depositions. *See*, *e.g. DIRECTV, Inc. v. Penrod*, No. 03-0054, 2005 WL 363514, at *1-2 (D.N.M. Oct. 25, 2005) (delay in depositions due to inability to schedule depositions prior to discovery deadline constitutes "good cause" due to "sheer

numbers" of outstanding depositions); *Fleet Bus. Credit Corp. v. Casey's Food, Inc.*, No. 02-2530-DV, 2003 WL 22385680, at *1-2 (W.D. Tenn. Aug. 28, 2003) (delay in depositions due to scheduling conflicts constitutes "good cause"). Furthermore, courts have previously recognized that the complexities inherent in class-wide litigation can justify extensive discovery and warrant discovery extensions. *See*, *e.g*. *R & D Business Sys. v. Xerox Corp.*, 150 F.R.D. 87, 90 (E.D. Tex. 1993) (granting a discovery extension in a Fed. R. Civ. P. 23 class action in part because of the "complex nature" of the case). This is especially true in FLSA collective actions where extensive discovery in necessary under the two-stage collective action process employed by this Court.

In the first step, courts may conditionally certify a class and allow plaintiffs to send notice to potential plaintiffs, if plaintiffs establish that the potential plaintiffs are "similarly situated." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). In the second step, the court may decertify the class upon a finding that the opt-in plaintiffs are not in fact similarly situated. *Id.* at 1214.[2]

A class may be conditionally certified after the first step based on nothing more than the pleadings and affidavits. *Clarke*, 370 F. Supp. 2d at 606. "Because little, if any, discovery has taken place, 'this determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.'" *Id.* In the present case, in order to conserve judicial resources, Defendant did not oppose Plaintiff's motion to conditionally

---

[2] While the Fifth Circuit did not expressly adopt the two-step approach in *Mooney*, it did affirm the district court's use of the two-step approach. District courts in the Fifth Circuit have routinely applied the two-step approach when confronted with FLSA collective actions, including this Court. *See Clarke,* 370 F. Supp. 2d at 605; *see also Johnson v. TGF Precision Haircutters, Inc.,* 319 F. Supp. 2d 753, 754-55 (S.D. Tex. 2004) (Werlein, J.), *Villatoro v. Kim Son Restaurant, L.P.,* 286 F. Supp. 2d 807 (S.D. Tex. 2003) (Atlas, J.).

certify a class under the applicable lenient standard and permit Plaintiff to send notice to putative class members.  (*See* Docket No. 21.)

The second stage is typically initiated by a motion to decertify the class.  *Johnson*, 319 F. Supp. 2d at 755.  Motions to decertify are filed after the close of discovery.  *Id.*  "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question."  *Mooney*, 54 F.3d at 1214; *see also Johnson*, 319 F. Supp. 2d at 755 ("At this stage the Court makes a factual determination, using the information gained from discovery, on whether the putative class members are similarly situated.").  It is during this second stage, when more facts are available, that the court will engage in a more thorough and detailed analysis to determine if the opt-in plaintiffs really are similarly situated to the named plaintiff.  Courts will consider the following factors in making its determination:

> (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the [statute] before instituting suit.

*Mooney*, 54 F.3d at 1213 n.7 (quoting *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J.1987)).  In light of this particular two-stage collective action process, good cause exists to extend the discovery deadline 120 days so that Defendant may conduct adequate discovery prior to filing its decertification motion.

A discovery extension is warranted to allow both parties to engage in discovery regarding whether plaintiffs are properly classified as "similarly situated" under the FLSA.  Because a defendant 'may challenge the joinder of any party as to whether they are in fact 'similarly situated'" at the close of discovery under the two-tier approach, "meaningful discovery is essential. . . ."  *Kaas v. Pratt & Whitney*, No. 89-8343-CIV-PAINE, 1991 WL 158943, at *3 (S.D.

Fla. Mar. 18, 1991). In order to subject Plaintiff's "similarly situated" claim to meaningful scrutiny under this due process standard, district courts generally permit discovery as to all or a significant portion of the putative class. *Id*. at *5-6 (ordering that all of the approximately 100 opt-in plaintiffs sit for deposition and respond to written discovery requests in FLSA Section 216(b) action). In *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991), the court held that defendant was entitled to depose each of the of the opt-in plaintiffs "at least until either party felt that the record was sufficiently developed for the Court to determine whether the case should proceed as a representative action."

Defendant does not plan to depose each one of the over 3,200 opt-in plaintiffs. However, given the extremely personalized nature of Plaintiff's claims, Defendant needs to depose at least 5-10 percent of the proposed class. To date, Defendant has only been afforded the opportunity to depose approximately *six* opt-in plaintiffs.[3] Additional time is necessary to allow Defendant to depose a meaningful percentage of the class and question the opt-in plaintiffs about their alleged similarity. This is especially true here, where Defendant agreed not to oppose Plaintiff's motion to send notice during the first stage of the two-stage collective action process. In order to preserve judicial resources, Brinker chose not to challenge whether the putative class members are "similarly situated" under the more lenient standard employed during the first stage of the FLSA collective action process. Thus, a motion to decertify will be Defendant's first and only opportunity to challenge Plaintiff's allegation that all Chili's servers nationwide are similarly situated. Defendant, therefore, requests an extension of the discovery deadline in order to conduct a significant number of necessary depositions before filing its decertification motion.

---

[3] Notably, multiple opt-in plaintiffs were noticed for deposition but failed to actually appear for deposition.

Furthermore, Defendant needs additional discovery regarding the merits of the Plaintiff's claims. As of today, only approximately six of the over 3,200 opt-ins have given sworn testimony regarding claims that they were required to participate in an illegal tip pool while employed by Chili's as servers. None of the other opt-ins has provided any details about the location, frequency, or duration of their alleged tip practices. Defendant has not had the opportunity to question them about their claims or its defenses.

A 120-day extension of all deadlines in this case is essential because of the extensive discovery that is still necessary in this case. Defendant needs to depose opt-in plaintiffs at a number of different stores across the nation. This will require significant time to coordinate and schedule those depositions, especially given the geographic dispersion of the opt-in plaintiffs and trial witnesses in this nationwide case.

Any extension of the discovery period must be coupled with an extension of all other deadlines in this case, including the briefing and trial schedule. The additional time will allow both parties to complete their depositions and develop testimony to support their arguments regarding decertification and summary judgment. For example, Defendant will be able to rely on the testimony of more than six opt-in plaintiffs to demonstrate that plaintiffs are *not* similarly situated and move for proper decertification of the class. Plaintiff will also probably seek to rely on deposition testimony from more than six opt-in plaintiffs to counter Defendant's arguments. Allowing both parties to postpone their briefing until after discovery has concluded will allow the court to consider more developed, substantive briefing on the key issues in this case. Furthermore, it is crucial to provide both parties with the opportunity to present this briefing to ensure that only those issues unable to be resolved through briefing, if any, proceed to trial.

While Defendant would be severely prejudiced without an extension of all of the deadlines in this case, neither party would be prejudiced by an extension. Rather, both parties will receive additional time to engage in discovery and fully flesh out their theories of the case and prepare for briefing and trial. Indeed, in Plaintiff's May 31, 2007 correspondence to the Court, Plaintiff concedes that additional discovery is necessary. For all these reasons, Defendant respectfully requests a 120-day extension of all deadlines contained in the Court's May 2, 2007 Minute Order.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant Defendant's request for a 120 day extension of the discovery deadlines in this case, a deadline of July 31, 2007 to designate trial witnesses and October 31, 2007 to file a motion to decertify

DATED: June 6, 2007

                                                Respectfully submitted,

/s/ Fraser A. McAlpine
**Fraser A. McAlpine**
State Bar No. 13321300
Federal I.D. No. 3407
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
(713) 220-5800 (telephone)
(713) 236-0822 (facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANT
BRINKER INTERNATIONAL, INC.

Of COUNSEL:
**Jordan Cowman**
Federal I.D. No. 14468
State Bar No. 4932800
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
(214) 969-2800 (telephone)
(214) 969-2828 (facsimile)

**Kevin J. White**
State Bar No. 24013742
Federal I.D. No. 32407
**Gloria Bluestone**
State Bar No. 24053103
Federal I.D. No. 629510
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
(713) 220-5800 (telephone)
(713) 236-0822 (facsimile)

<u>CERTIFICATE OF CONFERENCE</u>

During the week of June 4, 2007, I communicated with Plaintiff's attorney Rex Burch, who on June 5 told me that Plaintiff opposes this Motion.

/s/ Fraser A. McAlpine

<u>CERTIFICATE OF SERVICE</u>

I certify that on the 6th day of June, 2007, I served a true copy of

**DEFENDANT BRINKER INTERNATIONAL, INC.'S**

**MOTION TO EXTEND DISCOVERY PERIOD AND AMEND SCHEDULING ORDER**

by Notice of Electronic Filing on known Filing Users or by certified mail, return receipt requested, on unknown Filing Users addressed as follows:

Martin A. Shellist, Esq.
Shellist & Lazarz LLP
1900 West Loop South
Suite 1910
Houston, Texas 77027

Daryl J. Sinkule, Esq.
Shellist & Lazarz LLP
1900 West Loop South
Suite 1910
Houston, Texas 77027

Richard J. Burch
Bruckner Burch PLLC
1000 Louisiana, Suite 1300
Houston, Texas 77002

Laura L. Ho
David Borgen
Goldstein, Demchak, Baller, et al.
300 Lakeside Dr., Suite 1000
Oakland, California 94612

/s/ Fraser A. McAlpine<br>Fraser A. McAlpine