IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS –
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, on Behalf of Herself and Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:05-CV-03733 |
| BRINKER INTERNATIONAL INC., | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

### PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND TWO (2) ORAL DEPOSITIONS

### I. INTRODUCTION

**A.   REQUESTS FOR PRODUCTION**

1.   Plaintiffs will not belabor the procedural history of this case, as it is well known that it has been on file since 2005, and that the opt-in plaintiffs number more than 3,500.

2.   Beginning one year ago, plaintiffs, in an attempt to meet and confer, notified defendant of its deficient responses to plaintiffs' first request for production of documents and first request for admissions. Indeed, in an eight page letter dated March 30, 2007, plaintiffs' counsel notified counsel for defendant of each and every deficiency with its discovery responses. See, March 30, 3007, letter attached hereto as Exhibit "A," which is incorporated herein by reference.

3.   Rather than recite each and every of the numerous deficiencies in this motion, undersigned counsel refers the Court to Exhibit "A" for an analysis of the central issues which included defendant's failure to produce promised documents, making frivolous objections to the production of necessary records, and its failure to produce relevant documents.

4.  Then, two months later on June 5, 2007, the undersigned wrote again to Brinker's counsel stating that no reply had been received to the March 30 letter. Counsel also reminded Brinker that a motion to compel might have to be filed to obtain the discovery requested. See, June 5, 2007, letter attached hereto as Exhibit "B," which is incorporated herein by reference. In response, defendant stated that documents would be produced and assured the undersigned that its intent was not to obstruct the discovery process.

5.  However, as of several weeks later, the discovery remained outstanding and Brinker refused to withdraw its frivolous objections. Accordingly, on June 29, 2007, the undersigned again wrote to defendant's counsel re-urging all previous complaints, and insisting that the promised documents be provided. See, June 29, 2007, letter attached hereto as Exhibit "C," which is incorporated herein by reference. The letter delineated the most significant and pressing discovery, and outlined in detail the deficiency with defendant's various responses.

6.  Over the ensuing months, the parties did speak about the discovery issues, but were unable to reach accord on all issues. Indeed, numerous depositions were being taken and the parties were preoccupied with these events during the latter part of 2007.

7.  During this time, plaintiffs attempted to continue the meet and confer process, and such is reflected in a November 6, 2007, email from one of plaintiffs' counsel, James Kan, to one of the counsel for defendant, Marcia Jackson. See, November 6, 2007, email attached hereto as Exhibit "D," which is incorporated herein by reference. The enlarged bold portion (emphasis added for this brief) reflects counsel's continuing complaint with defendant's failure to provide much of the necessary discovery. It was conveyed to Brinker's counsel that the discovery was particularly important in light of the pending plaintiff depositions, and the need to ensure that discovery proceeded in an orderly and acceptable manner.

8. Finally, on February 21, 2008, after having completed more than 120 depositions, and thoroughly briefing the responses to defendant's motions for summary judgment and decertification, undersigned counsel sent to defendant a final meet and confer letter which again specifically identified defendant's failed promises to produce documents, including promises made in writing in March 2007 and is attached hereto as Exhibit "E." Plaintiffs further specifically requested that documents responsive to RFP Nos. 5 and 15 be produced. The February 21 letter concluded by asking for two (2) depositions which are addressed more fully below.

9. In the past two weeks, defendant has sent to undersigned counsel three (3) separate discs containing personnel files for various opt-ins. However, despite numerous requests, defendant has failed to provide a document log which sets forth the documents produced by Bates number and/or supplement the responses to the requests for production to identify with specificity to which request the documents are responsive.

10. In conclusion, plaintiffs ask that the Court order defendant to produce all documents requested and not produced, including all Regional Standards, Area Director written materials, and Local Option/Policies in effect during the liability period for any store where an opt-in worked, and documents reflecting the amount of money QA's received from servers as tip-outs.

**B. DEPOSITIONS OF DENNY AND SANDIDGE**

11. In October 2007, the parties reached an agreement that, to avoid unnecessary expense, plaintiffs would begin a specific round of depositions on the subject of the "tip-out" projects which Brinker had initiated with those of Barbara Youngman and Theresa McCaslin. If they were insufficient, others could be taken. This agreement is reflected in a November 12, 2007, email from counsel for defendant, Fraser McAlpine, to counsel for plaintiffs, Martin Shellist, and is attached hereto as Exhibit "F."

12. Youngman had previously been deposed, but many documents had not been produced at the time of her deposition, so she was deposed a second time. It was conveyed to undersigned counsel that they should start with McCaslin and Youngman because they could answer all remaining questions about the various "tip-out" projects. Defendant was wrong.

13. Indeed, at their depositions on January 7, 2008, McCaslin and Youngman both identified their boss, Leslie Denny, as being the person with the most knowledge of the information being requested. They also pointed to Susan Sandidge as the person who made the decisions regarding classifying the QAs as non-tip pool eligible.

14. Sandidge was deposed early last year, but her testimony conflicts with that of McCaslin and Youngman, and a brief follow-up deposition is warranted. Following the depositions of Youngman and McCaslin, undersigned counsel contacted Brinker regarding the depositions of Denny and Sandidge. Despite the agreement reached in October 2007, and reflected in Exhibit "F," Brinker refused to produce anyone else for deposition.

15. In light of the foregoing, plaintiffs request that the Court order Brinker to produce for deposition Denny and Sandidge.

## II. CONCLUSION

Plaintiffs pray that the Court grant the relief requested herein. These requests will not delay the Court's current schedule.

Respectfully submitted,

By: *[signature]*

MARTIN A. SHELLIST
Federal ID No. 16456
DARYL J. SINKULE
Federal ID No. 34842
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Of Counsel:
SHELLIST LAZARZ LLP

RICHARD J. (REX) BURCH
Federal ID No. 21615
1000 Louisiana, Suite 1300
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

Of Counsel:
BRUCKNER BURCH PLLC

DAVID BORGEN
LAURA L. HO
300 Lakeside Drive, Suite 1000
Oakland, California 94612-3534
Telephone: (510) 763-9800
Telecopier: (510) 835-1417

Of Counsel:
GOLDSTEIN, DEMCHAK, BALLER,
BORGEN & DARDARIAN

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I certify that on March 12, 2008, I contacted opposing counsel, Fraser McAlpine, via email to discuss this Motion. He replied that he would contact the undersigned today, but, as of the time of the filing of this Motion, no call had been received. If he contacts counsel, this certificate may be amended to reflect what was discussed.

*[signature]*

MARTIN A. SHELLIST

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2008, a true and correct copy of the foregoing instrument was forwarded by Notice of Electronic Filing on known Filing Users, or by certified mail, return receipt requested, on unknown Filing Users, addressed as follows:

Fraser A. McAlpine
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Facsimile: (713) 236-0822

_____
MARTIN A. SHELLIST