GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
A PROFESSIONAL CORPORATION

OF COUNSEL:
BARRY GOLDSTEIN

300 LAKESIDE DRIVE, SUITE 1000
OAKLAND, CALIFORNIA 94612-3536
WWW.GDBLEGAL.COM

TELEPHONE: 510/763-9800
FACSIMILE: 510/835-1417

March 30, 2007

**Via Email & U.S. Mail**

Fraser McAlpine
Akin Gump Strauss Hauer & Feld, LLP
1111 Louisiana St., 44th Floor
Houston, TX 77002

Re:   Roussell v. Brinker International, Inc.

Dear Fraser:

I write to begin the meet and confer regarding the deficiencies in Defendant Brinker International, Inc.'s ("Brinker" or "Defendant") Responses to Plaintiffs' First Requests for Production of Documents and Plaintiffs' First Request for Admissions, both served on March 19, 2007.

First, with regards to documents that Defendant has said it will produce without qualification (i.e., employee handbooks, documents regarding methods of payment, job descriptions, complaints, etc,), we were expecting that we would receive those this week based on your representations on March 22, 2007. We have not received those documents yet. Please produce those documents no later than April 6, 2007.

Second, with regards to documents that Defendant has said it will produce but only after identifying a priority based on who will be deposed (RFP Nos. 2, 3, 11, and 32), we have said we are theoretically agreeable to such an approach, assuming the documents are produced well in advance of any depositions and all the responsive documents are produced in advance of the discovery cutoff. However, this approach only is acceptable if the parties are able to move forward with identifying deponents. We were expecting to receive a proposal from Defendant this week regarding which stores and opt-ins it would like to focus on for the "field depositions." We are also working to identify Plaintiffs' "field deponents." However, this process is hindered by the fact that we do not have, as you do, information for each opt in identifying in which stores they worked during the class period. We have asked you for that information in order for us to move forward on these "field depositions" (keeping in mind the discovery cutoff of May 2, 2007), but have not heard a response from you yet. If we are not able to make immediate progress on these items, we will have to insist that Defendants produce all the documents immediately without regard to which opt-ins will be deposed. Furthermore, with the passage of

**Exhibit "A"**

time, it seems appropriate that all document be produced sooner than later. We'd like firm dates regarding the production schedule, including support for difficulty, if any, Defendant has producing records.

Below, I address specific discovery requests and the deficiencies in Defendant's responses.

**1.      Defendant's Objection to Plaintiffs' Request for Admission Is Improper.**

Defendant's attempt to qualify its response to Plaintiffs' RFA No. 1 is unfounded. Plaintiffs' use of the term "customarily tipped employees" as defined under the FLSA and the regulations interpreting the FLSA is clear. In interpreting FLSA and its regulations, courts have regularly used the phrases "customarily tipped employees" and "tipped employees" interchangeably when referring to those employees covered by 29 U.S.C. § 203(m) and (t). See, i.e., Reich v. Priba Corp., 890 F. Supp. 586, 595-96 (N.D. Tex. 1995). Accordingly, Defendant should amend its response to RFA No. 1 so the response is an unqualified denial. We can stipulate to the phrase "tipped employee" if Defendant will amend its answer accordingly.

**2.      Defendant Failed to Provide Adequate Answers to Plaintiffs' Requests for Production of Documents.**

Defendant's responses to many of Plaintiffs' First Request for Production of Documents are inadequate because they are incomplete and evasive, in contravention of the Federal Rules of Civil Procedure. A responding party's answers to discovery requests, such as requests for production of documents, must be responsive, complete, and non-evasive. See Alonso v. Agrigenetics, Inc., 2004 WL 2668801, *3 (S.D. Tex.) (holding that "[p]roviding false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party ... to sanctions.") (internal citation omitted). Under the Rules of Federal Civil Procedure, evasive or incomplete answers are treated as a failure to answer. Fed. R. Civ. P. 37(a)(3).

Several of Defendant's responses to Plaintiffs' requests were incomplete or evasive and thus constitute a failure to answer.

- In response to RFP No. 13, Defendant inexplicably agreed to produce contracts or agreements contained in Plaintiffs' personnel files, but not any similar documents found elsewhere in the company's possession. This limitation is without basis. Defendant must produce any and all contracts or agreements between Plaintiffs and Brinker, which means all such documents including, but not limited to those found in individual personnel files. Defendant provides no reason or legal authority supporting its position that it may only produce these contracts and agreements if they are kept in the Plaintiffs' personnel files. As Plaintiffs did not limit this request to only contracts or agreements found in personnel files, Defendant may not limit its production to such.

- In response to RFP Nos. 16-27 and 33, Defendant's promised production is incomplete because it does not include any responsive documents beyond those identified in its

initial disclosures. Plaintiffs' request seeks the production of all responsive documents that support Defendant's stated contentions, including, but not limited to relevant initial disclosure documents. Courts regularly permit discovery of documents which support various contentions about a claim or defense made by the parties in litigation. See Guy v. State Farm Fire and Cas. Co., 2007 WL 671744, *4 (S.D. Miss.) (permitting request for production that sought all documents supporting one of plaintiffs' claims); Turner v. Moen Steel Erection, Inc., 2006 WL 3392206, *10-11 (D. Neb.) (requiring the production of all non-privileged documents that supported several contentions made by defendant). Thus, Defendant must produce all responsive non-privileged documents pertaining to this request. To the extent that the only responsive documents to this request are those disclosed in its initial disclosures, Plaintiffs request that Defendant confirm this fact in writing.

- In response to RFP No. 28, Defendant's promised production is incomplete and must include all notes regarding the issue of tipping out QA's arising from any meetings between Brinker and a Chili's employee. Defendant's promise to produce documents is inadequate because it is limited to only notes from meetings that discussed complaints about tipping out QA's. However, Plaintiffs' request is broader than just meetings concerning complaints and instead covers any meeting attended by Brinker representatives and Chili's employees where the issue of tipping out QA's arose.

Defendant's incomplete and evasive responses to these aforementioned requests constitute a failure to respond and must be supplemented accordingly.

## 3. Defendant's Objections to Plaintiffs' Request for Production of Documents Are Improper and Without Merit.

### a. General Objections

Defendant's general objection to use of the terms or phrases "all documents," "every document," or documents that "relate to" a particular topic as necessarily rendering the request not reasonably particular as required by the Federal Rules of Civil Procedure is improper and without legal foundation. Defendant cites no legal authority to support this far reaching general objection and in fact, it cannot. It is well established that requests for production that use these phrases are routinely viewed as reasonably particular so long as the rest of the request sufficiently describes the documents sought. See Riojas v. Seal Produce, Inc., 82 F.R.D. 613, 619-20 (D.C. Tex. 1979) (permitting plaintiffs to propound requests for production seeking "all" documents pertaining to a particular issue and finding defendant's lack of particularity objection "specious"). Amazingly, Defendant, despite raising this general objection, proceeded to use the same exact phrase "all documents" in 34 of its 35 Requests for Production. See Defendant Brinker International, Inc.'s First Request for Production of Documents to Plaintiff Jennifer Roussell. Defendant must withdraw this general objection and produce any documents it withheld as a result of this objection. To the extent there were no documents withheld because of this objection, Defendant must confirm this fact in writing.

Similarly, Defendant's general objection that "[a] statement in response to a specific Request that Defendant will produce 'any responsive documents' does not imply that Defendant has identified or located any responsive document" is improper. Where Defendant has promised to produce documents relevant or responsive to a particular request, Plaintiffs request that Defendant clarify whether it has presently identified and/or located such documents or whether it is merely continuing to search for them.

Finally, to the extent that Defendant has presently identified and/or located responsive documents, Plaintiffs request that Defendant specify when it will produce these documents for each of its requests.

  b. Specific Objections

Defendant specifically objects to 25 of Plaintiffs' 33 requests for production of documents. For the sake of efficiency and brevity, I will discuss each different objection separately, incorporating by reference the requests implicated by that objection.

  i. *Undue Burden*

Defendant objects to Plaintiffs' requests for production on the grounds that various requests would constitute an undue burden by requiring Defendant to conduct a search of its facilities or personnel. See Defendant's Responses to RFP Nos. 1, 5, 6, 8, 13, 14, 15, and 28. Defendant provides no explanation for how conducting such a search limited to only those facilities where one or more persons who have filed a consent to participate in this suit or where Defendant simply asks its employees to search for and forward certain responsive documents in their possession constitutes an undue burden. It is well settled that the burden rests on the objecting party to show with specificity why a particular discovery request is unduly burdensome. See S.E.C. v. Brady, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006). Merely asserting, in a conclusory fashion, that a request is burdensome is insufficient. See Perez Librado v. M.S. Carriers, Inc., 2003 WL 21075918, *4 (N.D. Tex.). In fact, the party asserting "undue burden" is required to "present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." Brady, 238 F.R.D. at 438 (sustaining undue burden objection only after objecting party provided two affidavits specifically detailing the time and resources necessary to process electronic data that was the equivalent of 32 million pages) (internal quotations omitted). Defendant's conclusory assertions that these requests would create an undue burden fail to carry its burden of proof for this objection, rendering this objection improper.

Moreover, the fact that a request is burdensome does not render it objectionable. Instead, the proper calculus is whether "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2); Hussey v. State Farm Lloyds Ins. Co., 216 F.R.D. 591, 595 (E.D. Tex. 2003) (granting plaintiff's request for production where relevance of the documents outweighed defendant's conclusory allegation of undue burden). Factors to consider in this analysis include the parties' resources and the importance of the proposed discovery in resolving the issues. See Fed. R. Civ. P. 26(b)(2). Here, the benefit of the requested documents is critical for plaintiffs to establish that Defendant had a policy of requiring its servers to tip-out

QA's. In addition, Defendant's vast financial and personnel resources undercut any argument that it is unequipped to respond to such a straight forward and simple request. In short, this undue burden objection is unfounded and improper.

In addition, Defendant raises two related undue burden objections with alternate bases, but which are also without merit. The first related objection alleges that the phrase "Any and all documents" would require defendant to produce the same information in multiple formats. See Defendant's Responses to RFP Nos. 2, 3, and 11. Notwithstanding reasons discussed above, this objection is also improper because nothing in Federal Rules of Civil Procedure Rule 34 limits Plaintiffs to discovering only those documents that contain unique information. In fact, the Federal Rules of Civil Procedure specifically permit the discovery of any document that is "relevant to the subject matter of involved in the action." Fed. R. Civ. Proc. 26(b)(1). To the extent that different documents responsive to this request contain similar, but not identical information, Plaintiffs are entitled to their production. Cf. Sullivan v. Conway, 1994 WL 419649, *5 (N.D.Ill.) (only sustaining duplicative objection where responding party already produced the identical documents). Moreover, courts routinely permit discovery requests covering "all documents" related to a particular topic without requiring further specification. See Riojas v. Seal Produce, Inc., 82 F.R.D. at 619-20.

The second related objection asserts that a request for documents that "relate" or "reference" QA's job duties or Chili's server tip-out policies and practices constitutes an undue burden. See Defendant's Responses to RFP Nos. 5 and 14. This "undue burden" objection is improper and without merit. As discussed above, Defendant failed to describe with specificity the burden it alleges, it did not provide any evidentiary proof of the alleged burden, and the benefit derived from this request of understanding Defendant's tip out policies for QA's would outweigh the potential burden it imposes. Furthermore, courts routinely permit requests for production that seek "all documents" that "relate" or "reference" a particular topic or issue. See Guy v. State Farm Fire and Cas. Co., 2007 WL 671744, *3 (S.D. Miss.); Riojas, 82 F.R.D. at 619-20.

Because these objections are unfounded, Plaintiffs request that Defendant supplement its production with any responsive documents to these listed requests that it withheld as a result of these objections. To the extent that Defendant did not withhold any such responsive documents based on these objections, Plaintiffs request that Defendant confirm this fact in writing.

  ii. *Particularity*

Defendant's "particularity" objection is inapplicable and unavailing. See Defendant's Responses to RFP Nos. 5, 8, 13, and 16. As an initial matter, Defendant's objection, ironically, fails to carry its burden of specifying which aspect of the request is objectionable. See infra. That fact notwithstanding, Plaintiffs' request is reasonably particular so as to satisfy Rule 34. The test for reasonable particularity is "whether the request places the party upon 'reasonable notice of what is called for and what is not.'" St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000) quoting Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C. 1992). Here, Plaintiffs' request provides Defendant with reasonable notice of the documents they seek to discover – namely, documents referencing or

related to Chili's policies and practices regarding server tip-outs. See St. Paul, 198 F.R.D. at 514 (finding request seeking "All documents identified, or relied on, in your answers to counterclaim plaintiff's first set of interrogatories directed to counterclaim defendant" reasonably particular to satisfy Rule 34). Moreover, courts routinely permit discovery requests covering "all documents" related to a particular topic without requiring further specification. See Riojas v. Seal Produce, Inc., 82 F.R.D. at 619-20.

      iii    *Relevancy*

Defendant's objection to RFP No. 15 on the grounds of relevancy is not well taken. It is well established that the federal rules of discovery are to be accorded a broad and liberal treatment. See U.S. v. Holley, 942 F.2d 916, 924 (5th Cir. 1991). Moreover, the Fifth Circuit has "traditionally construed 'relevance' broadly: information is relevant if it 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991). Here, discovery of the amount of money QA's received from servers as tip-outs is directly relevant to determining the presence of a company policy as evidenced by a uniformity of behavior within individual restaurants and company-wide. Moreover, these documents will provide data relevant for determining damages, such as restitution. Because this request is reasonably calculated to lead to the discovery of admissible evidence, Defendant's objection is improper and it must produce any responsive documents it withheld on the basis of this erroneous objection.

      iv.    Privilege

To the extent that Defendant is withholding any documents it deems protected by privilege, Plaintiffs request that it produce a privilege log detailing the type of document, the source of or parties to the documents, and the specific asserted privilege. See Defendant's Responses to RFP Nos. 16-27 and 33.

      v.    *Temporal Scope*

Defendant's objection to RFP No. 28 based on temporal scope is without merit. Despite the fact that Defendant's objection is not specific enough to discharge its burden of proof to challenge this request, Plaintiffs surmise that Defendant is arguing that Plaintiffs cannot discover documents outside the relevant liability period. As stated above, discovery is liberally construed and permits the production of any documents that could reasonably lead to matter that could bear on an issue in this case. Accordingly, courts permit parties to conduct discovery beyond the liability period where behavior either before or after it could reveal information relevant to this case. See Johnson v. Kraft Foods North America, Inc., 238 F.R.D. 648, 652 (D. Kan. 2006) (allowing discovery of documents more than two years prior to the liability period). In the present case, Chili's policies and procedures regarding the tipping out of QA's prior to the liability period could uncover evidence relevant to understanding its current policy on the same issue. Consequently, Plaintiffs' request for documents ranging back to August 2000 is proper and Defendant must produce responsive documents for this entire period.

      vi.    *Vagueness or Ambiguity*

Interspersed in Defendant's responses to Plaintiffs' First Request for Production are various objections on the basis of vagueness and/or ambiguity that are without foundation. Plaintiff maintains its requests are clear and unambiguous. Nevertheless without conceding that these requests are vague, Plaintiffs, in the spirit of cooperation, will clarify any such purported vagueness to the extent it sees fit.

- In response to RFP No. 1, Defendant raises a "potential" ambiguity surrounding "complete personnel files." As an initial matter, Plaintiffs note that a term cannot be potentially ambiguous, it either is or it is not. And in this case, the phrase is unambiguous as the plain language of the request asks Defendant to produce personnel files in their entirety.

- In response to RFP No. 8, Defendant asserts that the phrase "correspondence between Plaintiffs and Brinker" is vague. Plaintiffs clarify that "correspondence between Plaintiffs and Brinker" means any written or electronic communications exchanged between any Plaintiffs and any supervisor, manager, Human Resources personnel, or other representative of Defendant. Notwithstanding this clarification, Plaintiffs maintain that the term "correspondence" is facially unambiguous and unobjectionable. See Turner v. Moen Steel Erection, Inc., 2006 WL 3392206, *10 (D. Neb.) (granting request for production that sought "all correspondence").

- In response to RFP No. 13, Defendant claims that the request is vague and/or indefinite in terms of temporal scope. Plaintiffs' request is not vague or indefinite as it specifically limits its scope to agreements and contracts entered into or in effect between August 28, 2003 and the present. By taking the phrase "any agreement in effect at any time" out of context, Defendant manufactured a temporal ambiguity. Given the clear and definite temporal scope of the request, when read in its entirety, Defendant's objection is improper.

- In response to RFP No. 28, Defendant awkwardly objects that the phrases "representatives of Brinker" and "meetings with individuals employed at Chili's" are vague. Plaintffs clarify that this request seeks notes from meetings between corporate employees of Brinker and Chili's store employees.

In light of these clarifications, Plaintiffs request that Defendant supplement its promised production with any responsive documents it withheld on the basis of any of these above vagueness objections. To the extent that Defendant did not withhold any responsive documents due to these objections, Plaintiffs request that it confirm this fact in writing.

**4.     Plaintiffs' Requests for Clarification of Defendant's Responses.**

Plaintiffs also seek written clarification of several of Defendant's responses to its requests for production of documents.

- In response to RFP No. 4, please confirm that Defendant has no responsive documents to this request.

- In response to RFP Nos. 16-27 and 33, Defendant promised to produce documents identified in its initial disclosures. To the extent that Defendant has discovered any additional subsequent documents that would have been included in its initial disclosures, Plaintiffs request that it produce these subsequent responsive documents.

- In response to RFP No. 30, Plaintiffs request that Defendant confirm that it will produce all job descriptions created or in effect since August 28, 2003.

**Conclusion**

Please advise me of your availability to discuss these matters at your earliest convenience. Plaintiffs request that Defendant respond to these enumerated requests by April 6, 2007. I look forward to your prompt response to this letter.

Very truly yours,

_____

Laura L. Ho

LLH/

cc: Martin Shellist
    Rex Burch