# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | § § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CIVIL ACTION No. 4:05-CV-03733 |
| BRINKER INTERNATIONAL, INC., | § § § | Jury Requested |
| DEFENDANT. | § | |

DEFENDANT BRINKER INTERNATIONAL, INC.'S RESPONSE TO
PLAINTIFF JENNIFER ROUSSELL'S FIRST REQUEST FOR PRODUCTION

TO:   Plaintiff, Jennifer Roussell, by and through her attorney of record, Martin A. Shellist, Esq., Shellist & Lazarz LLP, 1900 West Loop South, Suite 1910, Houston, Texas 77027

Pursuant to the Federal Rules of Civil Procedure, Brinker International, Inc. ("Brinker") makes the following responses to Plaintiff's First Request for Production.

Respectfully submitted,

*Fraser A. McAlpine*

**Fraser A. McAlpine**
State Bar No. 13321300
Federal I.D. No. 3407
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
(713) 220-5800 (telephone)
(713) 236-0822 (facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANT
BRINKER INTERNATIONAL, INC.

Of COUNSEL:
**Jordan Cowman**
Federal I.D. No. 14468
State Bar No. 4932800
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
      (214) 969-2800 (telephone)

      (214) 969-2828 (facsimile)


**Kevin J. White**
State Bar No. 24013742
Federal I.D. No. 32407
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
(713) 220-5800 (telephone)
(713) 236-0822 (facsimile)

CERTIFICATE OF SERVICE

I certify that on the 19th day of March, 2007, I served a true copy of

**DEFENDANT BRINKER INTERNATIONAL, INC.'S RESPONSE TO**

**PLAINTIFF JENNIFER ROUSSELL'S FIRST REQUEST FOR PRODUCTION**

by certified mail, return receipt requested, on counsel for Plaintiff addressed as follows:

Martin A. Shellist, Esq.
Shellist & Lazarz LLP
1900 West Loop South, Suite 1910
Houston, Texas 77027


Richard J. (Rex) Burch
Bruckner Burch PLLC
1000 Louisiana, Suite 1300
Houston, Texas  77002

Fraser A. McAlpine

3

## **General Objections**

The following general objections are applicable to each of the following responses to the extent relevant, regardless of whether any specific objection is expressly invoked in any given response.

To the extent that Defendant has interpreted such Requests in a manner differently than Plaintiff intended, Defendant objects that those requests are ambiguous, and Defendant reserves the right to object further to those requests upon any clarification of Plaintiff's intent.

Attorney-Client Privilege.  To the extent the Requests seek the production of documents that reveal communications between attorneys and clients (or between or among clients or clients' representatives and their lawyers' representatives) made in confidence for the purpose of facilitating the rendition of professional legal services, all such documents are protected from discovery by the attorney-client privilege.

Attorney Work Product Privilege.  To the extent the Requests seek the production of documents that reveal the mental impressions, conclusions, opinions, or legal theories of Defendant's attorneys or other representatives of Defendant working to assist trial preparation or in anticipation of litigation, those documents are protected from discovery by the work product privilege.

Defendant objects to each Request for Production that uses the term or phrase "all documents," "every document" or documents that "relate to" a particular topic because such requests do not describe with reasonable particularity the items to be produced by individual item or by category, as required by the Federal Rules of Civil Procedure. Without waiving this objection, Defendant will produce documents, subject to its objection, under the applicable Federal Rule of Civil Procedure. For the purposes of this response and other responses to this

request for production of documents, the phrase "in its possession" includes documents maintained by Defendant or documents within its custody or control.

Defendant has made a good faith effort to interpret the requests in a common sense manner consistent with the issues in the litigation. To the extent that Plaintiff believes that Defendant has placed a different or narrow construction of the language in a particular request where this objection has been asserted, then Defendant objects to the request on the grounds that it is vague and susceptible of differing interpretations, and on the ground that it is overly broad and seeks more information than is reasonable in the context of the issues and facts in this lawsuit.

The Requests served by Plaintiff's request documents that are not normally gathered in anticipation of litigation or during the investigation occurring after the filing of the lawsuit. While Defendant has gathered many of the documents responsive to the Requests and will produce those, Defendant continues to search for other responsive documents. A statement in response to a specific Request that Defendant will produce "any responsive documents" does not imply that Defendant has identified or located any responsive documents. Rather, to the extent that Defendant has not already located such documents, the statement means that Defendant is diligently searching for the responsive documents and will produce them if Defendant locates them.

The foregoing General Objections are made in response to every numbered request in Plaintiffs' First Request for Production, incorporated into the following responses to each such request, and each such response is made subject to the foregoing objections.

## RESPONSES TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

Plaintiffs' complete personnel files, as well as any other non-privileged file(s) maintained by Brinker on each Plaintiff.

## RESPONSE:

Subject to and without waiving the objections set forth below, defendant[1] will produce the personnel file for each person who has filed a consent to participate in this suit.[2] When the parties agree to schedule the depositions of any person who has filed a consent to participate in this suit, defendant will also determine whether it maintains any other non-privileged file regarding such person.

Defendant objects to Document Request No. 1 as overly broad and unduly burdensome to the extent that it seeks to require defendant to conduct a search at each of its facilities where one or more persons who have filed a consent to participate in this suit worked to determine if there is some file regarding that person at that location even when that person has not been designated to testify in a deposition or at trial. Defendant further objects that Document Request No. 1 is potentially vague and ambiguous with respect to the term "complete personnel files," but

---

[1]    Although Brinker International, Inc., is the entity named as the defendant in this litigation, Brinker International, Inc., is not the proper defendant because it did not employ the plaintiff or any of the other persons who have filed a consent to participate in this suit. Plaintiff's employer is Brinker International Payroll Company, L.P., a Delaware Limited Partnership. By producing documents that are created and maintained by Brinker International Payroll Company, L.P., Brinker International, Inc., is not waiving its right to move the Court to substitute Brinker International Payroll Company, L.P., as the proper defendant in this litigation.

[2]    The Requests for Production of Documents uses the term "Plaintiffs" throughout when identifying the persons who have filed consents to participate in the litigation. Defendant does not believe that all of the persons who have filed consents are entitled to participate in the case and accordingly that such persons are not properly characterized as Plaintiffs. Rather than limit its production to persons who are properly plaintiffs in this action, defendant will produce documents relevant to person who has filed a consent to participate in this suit without waiving its right to assert that some of them may not be entitled to participate in the suit because they were not on the list of persons who received notice as approved by the Court, did not file a timely consent, or for any other reason are not entitled to participate as a plaintiff.

notwithstanding that objection defendant will produce the documents that it considers to be the relevant personnel files.

## REQUEST FOR PRODUCTION NO. 2:

Any and all documents that show the hours worked by Plaintiffs for Brinker at any time from August 28, 2003 through today's date, including but not limited to time sheets, time cards, time records, cash register/computer records, payroll records, and payroll summaries. (Note: this requested information should be provided in computer-readable format to the extent available, and to the extent so provided, it need not be produced as paper records).

## RESPONSE:

Subject to and without waiving the objections set forth below, defendant will produce documents sufficient to show the hours worked by each person who has filed a consent to participate in this suit from August 28, 2003 through the date of the service of the Request. Because of the time required actually to generate those documents, defendant will prioritize the search and generation of those records to produce initially the records of persons whom the parties anticipate will provide deposition testimony. Defendant does not have any documents constituting "time sheets, time cards," or "payroll summaries," except that when Chili's permanently closes a location Chili's uses a written record of the time worked during the last shift which is then input into the payroll system.

Defendant objects to Document Request No. 2 as overly broad and unduly burdensome to the extent that, through the phrase "Any and all documents" it seeks to require defendant to produce the same information in multiple formats.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents reflecting the respective dollar amount(s) Plaintiffs tipped-out for each shift they worked at any time from August 28, 2003 to the present, including but not limited to server tip sheets, server checkouts, and checkout reports. (Note: This requested information should be provided in computer-readable format to the extent available, and to the extent so provided, it need not be produced as paper records.)

**RESPONSE:**

Subject to and without waiving the objections set forth below, defendant will produce documents sufficient to show the amounts each person who has filed a consent to participate in this suit tipped-out for each shift they worked from August 28, 2003, through the date of the service of the Request. Because of the time required actually to generate those documents, defendant will prioritize the search and generation of those records to produce initially the records of persons whom the parties anticipate will provide deposition testimony. Defendant does not have any documents constituting "server tip sheets," or "server checkouts."

Defendant objects to Document Request No. 3 as overly broad and unduly burdensome to the extent that, through the phrase "Any and all documents" it seeks to require defendant to produce the same information in multiple formats.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all non-privileged documents, covering the period from August 28, 2003 to the present, reflecting which individual(s) received the monies Plaintiffs tipped-out during the course of their employment with Brinker, and the amount(s) of money each such tipped-out individual received. This request includes pay stubs, payroll records, cash receipts, memoranda, spreadsheets, notes and related documents which show how and to whom the Plaintiffs' tip-outs were distributed each shift or at some other interval. (Note: This requested information should be provided in computer-readable format to the extent available, and to the extent so provided, it need not be produced as paper records.)

**RESPONSE:**

Defendant does not create or maintain records reflecting the identity of persons who receive tips from individual servers, and accordingly defendant has no documents that can be

used to reflect "which individual(s) received the monies Plaintiffs tipped-out during the course of

their employment with Brinker, and the amount(s) of money each such tipped-out individual

received." Because that information cannot be derived from "pay stubs, payroll records, cash

receipts, memoranda, spreadsheets, notes and related documents," and because those documents

do not "show how and to whom the Plaintiffs' tip-outs were distributed each shift or at some

other interval," defendant objects to producing those documents in response to Document

Request No. 4.

## REQUEST FOR PRODUCTION NO. 5:

Any and all documents created or in effect during the period from August 28, 2003 to the present, concerning, referring to, referencing, or mentioning Chili's server tip-out policies and practices. This Request includes email and memoranda sent among Brinker's management and HR, postings made at Chili's, policy books, employee handbooks, or other email or written communication evidencing corporate or store level policies.

## RESPONSE:

Subject to and without waiving the objections set forth below, defendant will produce

documents constituting its policies in effect from August 28, 2003, regarding distribution of tips

by Chili's servers, and defendant will produce non-privileged documents concerning the

formulation and communication of those policies to personnel in Chili's Grill & Bar facilities.

Defendant objects to Document Request No. 5 as overly broad, unduly burdensome,

vague, and ambiguous to the extent that it seeks "Any and all documents" "referencing, or

mentioning Chili's server tip-out policies and practices." A Document Request formulated in that

manner does not describe the documents sought with the particularity required by Rule 34 of the

Federal Rules of Civil Procedure. Further, to the extent that Document Request No. 5 seeks to

require defendant to conduct a search of email or written communication in approximately 1,000

locations and in addition all corporate and regional offices for any and all documents

"evidencing corporate or store level policies" regarding tipping, that Request is unduly

burdensome.

## REQUEST FOR PRODUCTION NO. 6:

Any and all documents created during the period from August 28, 2003 to the present, acknowledging, referencing, mentioning, or relating to any complaint(s) alleging that Brinker required its servers to share tips with QA's or expediters.

## RESPONSE:

Subject to and without waiving the objections set forth below, defendant will produce

documents constituting complaints made about servers being allegedly required to share tips with

QAs (a) in the form of email messages to Chili's Guest Relations email address, (b) directed to

the "Whistleblower" ethics line, or (c) directed to PeopleWorks (the human resources and

personnel department). Defendant will also produce any other documents in its possession

known to constitute such complaints.

To the extent that Document Request No. 6 seeks to require defendant to conduct

investigations at over 1,000 store locations and in every corporate or regional office to determine

whether anyone generated a responsive document "acknowledging, referencing, mentioning, or

relating to any complaint(s)" defendant object that Request No. 6 is unduly burdensome.

## REQUEST FOR PRODUCTION NO. 7:

Any and all documents, including correspondence, regarding the subject matter raised by Plaintiffs in this lawsuit between Brinker and the United States Department of Labor, Wage and Hour Division (DOL), between August 2000 and the present.  Specifically, Plaintiffs seek records and communication between you and the DOL regarding alleged tip-out violations during the stated period.

## RESPONSE:

Defendant does not have any documents responsive to Document Request No. 7

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents, including correspondence between Plaintiffs and Brinker between August 2000 and the present, concerning the subject matter of this lawsuit.

**RESPONSE:**

Subject to and without waiving the objections set forth below, defendant has agreed above to produce documents from the personnel files of each person who has filed a consent to participate in this suit, and to the extent that those files contain "correspondence between Plaintiffs and Brinker between August 2000 and the present, concerning the subject matter of this lawsuit," defendant will produce those documents.

Defendant objects to Document Request No. 8 as overly broad because it does not specify the documents requested with the particularity required by Rule 34. The Request seeks "Any and all documents . . . concerning the subject matter of this lawsuit," and as such does not describe the documents with any particularity. Defendant further objects to Document Request No. 8 because the phrase "correspondence between Plaintiffs and Brinker" is vague. Defendant further objects to Document Request No. 8 because it is unduly burdensome to the extent that it seeks to require defendant to conduct an investigation at over 1,000 store locations plus corporate and regional offices to determine whether any document does or might constitute "correspondence between Plaintiffs and Brinker."

**REQUEST FOR PRODUCTION NO. 9:**

Any and all insurance policies Brinker may have insuring it against liability for claims brought by Plaintiffs in this lawsuit.

**RESPONSE:**

There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all employee handbooks provided by Brinker to any of the Plaintiffs between August 28, 2003 and the present, and/or in effect during the period from August 28, 2003 to the present.

**RESPONSE:**

Defendant will produce copies of all employee handbooks in effect at Chili's from August 28, 2003, to the present as defendant understands the term "employee handbooks."

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents, including but not limited to time sheets, time cards, time records, payroll records, and payroll summaries, reflecting the amount(s) Plaintiffs were paid by Brinker for each pay period of Plaintiffs' respective period(s) of employment with Brinker during the time period August 28, 2003 to the present.  (Note:  This requested information should be provided in computer-readable format to the extent available, and to the extent so provided, it need not be produced as paper records.)

**RESPONSE:**

Subject to and without waiving the objections set forth below, defendant will produce documents sufficient to show the amount(s) defendant paid each person who has filed a consent to participate in this suit for each pay period from August 28, 2003 through the date of the service of the Request.  Because of the time required actually to generate those documents, defendant will prioritize the search and generation of those records to produce initially the records of persons whom the parties anticipate will provide deposition testimony. Defendant does not have any documents constituting "time sheets, time cards," or "payroll summaries," except that when Chili's permanently closes a location Chili's uses a written record of the time worked during the last shift which is then input into the payroll system.

Defendant objects to Document Request No. 11 as overly broad and unduly burdensome to the extent that, through the phrase "Any and all documents" it seeks to require defendant to produce the same information in multiple formats.

## REQUEST FOR PRODUCTION NO. 12:

Any and all documents which would indicate whether Brinker paid Plaintiffs cash, check, or wire transfer during each Plaintiffs' respective period(s) of employment with Brinker.

## RESPONSE:

Defendant will produce documents sufficient to indicate the methods of payment available to its employees working at Chili's, and will also produce any documents contained in the personnel files of each person who has filed a consent to participate in this suit reflecting any method of payment selected by that employee.

## REQUEST FOR PRODUCTION NO. 13:

Any and all contracts entered into between any of the Plaintiffs and Brinker, and/or other documents reflecting any agreement in effect at any time between Brinker and any of the Plaintiffs, between August 28, 2003 and the present regarding the amount or method of payment for each Plaintiff's work.

## RESPONSE:

Defendant has not entered into written employment agreements with any person who has filed a consent to participate in this suit, and accordingly there are no documents constituting an employment contract between defendant and any person who has filed a consent to participate in this suit. Subject to and without waiving the objections set forth below and as stated above, defendant will produce the documents contained in the personnel files of the persons who have filed a consent to participate in this suit, and any documents in those files that might constitute "any agreement in effect at any time between Brinker and any of" those persons.

Defendant objects to Document Request No. 13 as overly broad because it does not specify the documents requested with the particularity required by Rule 34. The Request seeks "Any and all contracts . . . and/or other documents reflecting any agreement in effect at any time," without specifying the subject matter of any such agreement. For example, the Request, read literally, would require defendant to investigate whether an employee requested a day off

13

work and Chili's agreed. Defendant further objects to Document Request No. 13 because the

phrase "any agreement in effect at any time" is vague and indefinite. Defendant further objects to

Document Request No. 13 because it is unduly burdensome to the extent that it seeks to require

defendant to conduct an investigation at over 1,000 store locations plus corporate and regional

offices to determine whether any document does or might reflect or concern any agreement of

any kind.

## REQUEST FOR PRODUCTION NO. 14:

Any and all documents that reflect, relate to, reference, or outline the job duties of QA's and expediters of Chili's during the period August 28, 2003 to the present. You are to include documents created at the corporate, HR, regional, or store level.

## RESPONSE:

Subject to the objections set forth below, defendant will produce its job descriptions for

the Quality Assurance position in effect during the period August 28, 2003, to the present.

Defendant objects to Document Request No. 14 because it is overly broad and unduly

burdensome to the extent that it seeks to require defendant to identify every documents that

might relate to or "reference" the job duties of QAs, and because it is overly broad and unduly

burdensome to the extent that it seeks to require defendant to conduct an investigation at over

1,000 stores to determine if there is a documents located at any of the stores that "reflect, relate

to, reference, or outline the job duties of QA's and expediters of Chili's."

## REQUEST FOR PRODUCTION NO. 15:

Any and all documents, including pay records and payroll summaries, that reflect the respective amount(s) Chili's QA's and expediters were paid during each pay period during their respective periods of employment with Brinker, including the amount of pay that was derived from servers' tip-outs, during the period August 28, 2003 to the present. (Note: This requested information should be provided in computer-readable format to the extent available, and to the extent so provided, it need not be produced as paper records.)

14

**RESPONSE:**

Defendant objects to Document Request No. 15 because it is overly broad and unduly burdensome, because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. During the period defined by the Request, a large number of Chili's employees worked as QAs and of those who worked as QAs many worked in other job classifications during the same pay period. In light of the other payroll information that must be extracted from the data base in order to respond to other Requests, it would require significant resources to determine what amounts paid to a person during a particular pay period was attributable to service as a QA, and further what amount of that pay was derived from tips contributed by servers. Further, the precise amounts received by QAs for serving in that capacity is not relevant to any claim or defense, or relevant the calculation of any amount of alleged unpaid wages, and accordingly production of that information is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents, if any, that support Brinker's contention that any named Plaintiff is not similarly situated to any other person for purposes of the FLSA.

**RESPONSE:**

Defendant objects to Document Request No.16 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further objects to Document Request No. 16 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

15

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents that support Brinker's contention that the named Plaintiff cannot satisfy the requirements for a collective action under the FLSA.

**RESPONSE:**

Defendant objects to Document Request No. 17 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further objects to Document Request No. 17 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents that support Brinker's contention that Plaintiff's claims, including claims brought on behalf of similarly situated employees, are barred in whole or in part by the applicable statute of limitations.

**RESPONSE:**

Defendant objects to Document Request No. 18 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further objects to Document Request No. 19 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents that support Brinker's contention that Brinker is entitled to a credit or set-off for certain additional compensation paid to Plaintiff and any similarly situated employee.

**RESPONSE:**

Defendant objects to Document Request No. 19 because it does not describe the

documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further

objects to Document Request No. 19 to the extent it seeks information protected by the attorney-

client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any

documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they

are identified.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents that support Brinker's contention that Plaintiff and all other
similarly situated employees were paid all compensation to which they were entitled under the
FLSA.

**RESPONSE:**

Defendant objects to Document Request No. 20 because it does not describe the

documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further

objects to Document Request No. 20 to the extent it seeks information protected by the attorney-

client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any

documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they

are identified.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents that support Brinker's contention that the complaint fails to state a
claim for which liquidated damages can be awarded.

**RESPONSE:**

Defendant objects to Document Request No. 21 because it does not describe the

documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further

17

objects to Document Request No. 21 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

## REQUEST FOR PRODUCTION NO. 22:

Any and all documents that support Brinker's contention that, at all relevant times, Brinker acted in good faith and with reasonable belief that it has not violated the FLSA with respect to Plaintiff and all other similarly situated employees.

## RESPONSE:

Defendant objects to Document Request No. 22 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further objects to Document Request No. 22 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

## REQUEST FOR PRODUCTION NO. 23:

Any and all documents that support Brinker's contention that Plaintiff and other proposed class members are not entitled to any recovery because any alleged acts or omissions were made by Brinker in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies with respect to the class of employers or persons to which Brinker belongs.

## RESPONSE:

Defendant objects to Document Request No. 23 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further

objects to Document Request No. 23 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents that support Brinker's contention that all or part of the time for which Plaintiff or any similarly situated employees seek compensation does not constitute compensable working time.

**RESPONSE:**

Defendant objects to Document Request No. 24 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further objects to Document Request No. 24 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all documents that support Brinker's contention that all or part of the claims are barred under the *de minimis* doctrine.

**RESPONSE:**

Defendant objects to Document Request No. 25 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further objects to Document Request No. 25 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents that support Brinker's contention that the complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

**RESPONSE:**

Defendant objects to Document Request No. 26 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further objects to Document Request No. 26 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents that support Brinker's contention that the complaint fails to state a claim upon which injunctive relief can be awarded.

**RESPONSE:**

Defendant objects to Document Request No. 27 because it does not describe the documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further objects to Document Request No. 27 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all notes taken by representatives of Brinker between August 2000 and the present during meetings with individuals employed at Chili's regarding the issue of tipping out QA's.

**RESPONSE:**

Subject to and without waiving the objection set forth below, defendant will produce notes, if any exist, concerning the resolution of any complaints identified in connection with Document Request No. 6.

Defendant objects to Document Request No. 28 because it is vague and overly broad with respect to the phrase "representatives of Brinker," and the phase "meetings with individuals employed at Chili's." Defendant further objects to Document Request No. 28 because it is overly broad by specifying a period of almost seven years and because it would require defendant to conduct an investigation at approximately 1,000 locations to determine whether anyone took notes in a meeting regarding the issue of tipping out QAs.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all original petitions or original complaints filed against Brinker between January 2000 and the present, which include any claim(s) based upon the allegation that Brinker failed to properly apply employee tip-outs, failed to properly distribute a tip pool, and/or failed to properly apply the tip credit.

**RESPONSE:**

Defendant will produce the responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all job descriptions for QA's created and/or in effect between August 28, 2003 and the present.

**RESPONSE:**

Defendant will produce Chili's job descriptions for QA's created or in effect since August 28, 2003.

**REQUEST FOR PRODUCTION NO. 31:**

All documents identified by Brinker in its Initial Disclosures and not previously produced.

**RESPONSE:**

Defendant will produce documents described in its initial disclosures as they are

identified in accordance with Rule 26(a).

**REQUEST FOR PRODUCTION NO. 32:**

All documents between August 23, 2003 and the present reflecting the days and shifts during which a QA was on duty at each Chili's location employing any Plaintiff.

**RESPONSE:**

Defendant will produce documents sufficient to show the days and shifts during which a

QA was on duty at each Chili's location employing any person who has filed a consent to

participate in this suit from August 28, 2003, through the date of the service of the Request.

Because of the time required actually to generate those documents, defendant will prioritize the

search and generation of those records to produce initially the records of persons whom the

parties anticipate will provide deposition testimony.

**REQUEST FOR PRODUCTION NO. 33:**

All documents which you contend support the proposition that QA's are "customarily tipped employees" as same is defined under the FLSA and/or the regulations interpreted the FLSA.

**RESPONSE:**

Defendant objects to Document Request No. 33 because it does not describe the

documents plaintiffs seek with reasonable particularity as required by Rule 34. Defendant further

objects to Document Request No. 33 to the extent it seeks information protected by the attorney-

client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, defendant will disclose any documents upon which it relies in the defense of this litigation as required by Rule 26(a) as they are identified.