IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, on Behalf of Herself and Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:05-CV-03733 |
| BRINKER INTERNATIONAL, INC., | § § § | |
| Defendant. | § | |

_____

**PLAINTIFFS' MOTION TO TOLL STATUTE OF LIMITATIONS**
_____

On September 30, 2008, this Court issued a Memorandum and Order, wherein it granted, in part, Defendant's Motion for Decertification. Specifically, this Court concluded that the claims of the deposed opt-in Plaintiffs and the non-deposed opt-in Plaintiffs who work at their restaurants have not yet been decided, but that the claims of the other opt-in Plaintiffs (the "Dismissed Opt-ins") were dismissed with prejudice.

The Dismissed Opt-ins will now have the opportunity to re-file their respective claims or to intervene in this action. However, the Court's Memorandum and Order did not did not speak to the amount of time, if any, the Court would toll the statute of limitations for the Dismissed Opt-ins who may choose to pursue their respective claims. Decertification is not, and never has been, interpreted as a ruling on the merits. However, without an equitable tolling of the Dismissed Opt-ins' statute of limitations, the Dismissed Opt-ins will be prejudiced, insofar as the Court's ruling could amount to a *de facto* determination on the merits of the claims of the Dismissed Opt-ins. Accordingly, Plaintiffs request that the Court equitably toll the statute of limitations for the Dismissed Opt-ins to pursue their respective claims for 90 days following the Court's entry of an order delineating which opt-ins should be dismissed and which should remain a part of this action.

The doctrine of equitable tolling allows a court to exercise its discretion to suspend the statute of limitations where, as here, it would be inequitable to enforce the statute of limitations. The doctrine applies to cases brought under the Fair Labor Standards Act ("FLSA") because the doctrine of equitable tolling ". . . is read into every federal statute of limitations." *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946). *See also Partlow v. Jewish Orphans Home of Southern California, Inc.*, 645 F.2d 757 (9th Cir. 1981) (tolling limitations in an FLSA action and allowing Plaintiffs to re-file consents when Plaintiffs were dismissed from a collective action because the attorneys had unethically solicited consents).

Courts routinely apply equitable tolling in FLSA cases where decertification has been granted. In *Smith v. Heartland Automotive Services, Inc.*, 404 F.Supp.2d 1144, at n. 9 (Dist. of Minn., December 12, 2005), in the court's order granting decertification, the court held that the "Order will be stayed for sixty days in order to toll any applicable statute of limitations." Similarly, in *Reyes v. Texas EZ Pawn*, No. 03-128 (S.D. Tex. January 8, 2007), upon decertifying the collective action, the court tolled the statute of limitations for the dismissed plaintiffs for a period of 30 days "to avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases."

In *Proctor v. Allsup's Convenience Stores, Inc.*, No. 2:06cv2551 (N.D. Tex. April 24, 2008), upon decertifying the class, the court tolled the statute of limitations of dismissed plaintiffs for 30 days "to avoid prejudice to individual opt-in plaintiffs, who may choose to file their own cases." Moreover, in *Johnson v. Big Lots Stores, Inc.*, No. 04-3201 (E.D. La. July 24, 2008), the district court equitably tolled the statute of limitations for a period of 45 days following the entry of its order granting plaintiffs' motion to equitably toll the statute of limitations.

Plaintiffs seek 90 days—as opposed to some smaller period of time—to toll the statute of limitations of the Dismissed Opt-ins for a number of reasons. First, as this Court is aware, the size of the class is substantial, and the Dismissed Opt-ins reside throughout the county. Ninety days is necessary because dissemination of the Court's ruling, consultation with the Dismissed Opt-ins, and the decision-making regarding additional suits of the Dismissed Opt-ins or motions to intervene of the Dismissed Opt-ins will take more than 30 or 60 days. In addition, the parties request time to meet and confer for the purpose of determining which specific opt-ins of the approximately 3,500 herein are subject to dismissal at this time. It is possible that the parties may need the assistance of the Court to finalize/clarify such a list. Plaintiffs' request is also consistent with the broad remedial purpose of the FLSA and consistent with well-settled FLSA jurisprudence in decertified cases, as set forth above.

For the foregoing reasons, Plaintiffs respectfully move this Honorable Court to equitably toll the statute of limitations for 90 days following the Court's entry of an order delineating which opt-ins should be dismissed and which should remain a part of this action.

Respectfully submitted,

By: /s/ Martin A. Shellist
MARTIN A. SHELLIST
State Bar No. 00786487
Federal ID No. 16456
DARYL J. SINKULE
State Bar No. 24037502
Federal ID No. 34842
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Of Counsel: Telephone: (713) 621-2277
SHELLIST ✶ LAZARZ LLP Facsimile: (713) 621-0993

3

|  |  |
|---|---|
|  | RICHARD J. (REX) BURCH |
|  | State Bar No. 24001807 |
|  | Federal ID No. 21615 |
|  | 1000 Louisiana, Suite 1300 |
|  | Houston, Texas 77002 |
| Of Counsel: | Telephone: (713) 877-8788 |
| BRUCKNER BURCH PLLC | Telecopier: (713) 877-8065 |
|  |  |
|  | DAVID BORGEN |
|  | LAURA L. HO |
|  | JAMES KAN |
|  | 300 Lakeside Drive, Suite 1000 |
| Of Counsel: | Oakland, California 94612-3534 |
| GOLDSTEIN, DEMCHAK, BALLER, | Telephone: (510) 763-9800 |
| BORGEN & DARDARIAN | Telecopier: (510) 835-1417 |
|  |  |
|  | **ATTORNEYS FOR PLAINTIFFS** |

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to reach Fraser McAlpine, counsel for Defendant, via email and telephone on Monday, October 6, 2008, to discuss the relief Plaintiffs seek herein. Because I have not yet heard back from Mr. McAlpine, I presume that Defendant is opposed to the relief sought. Should Defendant later indicate that it is unopposed to the relief sought herein, Plaintiffs' counsel will notify the Court immediately.

*/s/ Martin A. Shellist*
MARTIN A. SHELLIST

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 6, 2008, a true and correct copy of the foregoing instrument was forwarded by Notice of Electronic Filing on known Filing Users, or by certified mail, return receipt requested, on unknown Filing Users, addressed as follows:

Fraser A. McAlpine
Kevin J. White
HUNTON & WILLIAMS LLP
Bank of America Center
Suite 4200
700 Louisiana Street
Houston, Texas 77002
Facsimile: (713) 229-5750

                                              */s/ Martin A. Shellist*
                                              MARTIN A. SHELLIST