IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, on behalf of Herself and others similarly situated, | § § § | Civil Action No. 4:05-CV-03733 |
| Plaintiff, | § § | |
| v. | § § | |
| BRINKER INTERNATIONAL, INC., | § § | |
| Defendant. | § § | |

**Plaintiffs' Motion *in Limine* to Exclude Evidence and Testimony Relating to Defendant's Restaurant Practices at Restaurants and Time Periods Beyond the Scope of Plaintiffs' Trial Witnesses' Employment**

Plaintiff Jennifer Roussell, on behalf of herself and other similarly situated, files this motion *in limine* to exclude any evidence and testimony relating to Brinker International, Inc.'s ("Defendant's") restaurant practices that occurred beyond the employment of the 14 representative trial witnesses designated by Plaintiffs on the grounds that such testimony is irrelevant, contravenes the Court's ruling that the parties may present representative testimony as to the similarly situated plaintiffs, would result in prejudice, confusion, and waste of time, and constitutes inadmissible opinion testimony.

The Court is presented with the focused inquiry as to whether Defendant maintained illegal tip pools relating to the 55 opt-in plaintiffs under the Fair Labor Standards Act ("FLSA"). Because this collective action does not concern itself with the experiences of any other servers, evidence and testimony concerning servers at other stores or even at the same stores, but at different periods of time or shifts than those worked by the 55 opt-in plaintiffs is irrelevant and thus, inadmissible. In its decertification order, this Court ruled that this lawsuit is limited only to the direct experiences of the 55 opt-in plaintiffs currently before it and does not expand to the experiences of the entire stores in which they worked. Memorandum and Order at 23 (Dkt. 197) ("Order"). This ruling was based, in part, on Defendant's position that "…because deposed opt-ins' employment dates did not completely overlap with the non-deposed opt-ins' dates, the deposed opt-ins lack personal knowledge to provide representative testimony regarding the non-deposed opt-ins who worked at their stores." Id. at 3. Specifically, the Court held that:

> …there is insufficient evidence to support the inference that deposed opt-in's statements are representative of other opt-ins at their stores over the entire claim period. Specifically, the Court is concerned that the store management could have turned over several times during the claim period, different managers could have addressed the issue differently, and each deposed opt-in's version of the management coercion may only be **relevant to the periods in during which she or he worked**.

Id. at 5 (emphasis added). As a result of this Order, this case is neither a nation-wide collective action nor a store-wide collective action. Instead, it is a collective action limited to 55 similarly situated opt-ins. By the plain language of this Order, the Court has ruled that the only relevant evidence of restaurant practices relating plaintiffs' claims is limited to that which addresses the

exact time periods and shifts that they worked. It is entirely possible that, as the Court has already held, different managers at different periods or shifts enforced different practices relating to server tip pools. Accordingly, any evidence concerning restaurant practices that did not occur during a shift worked by one of the opt-in plaintiffs is irrelevant and inadmissible pursuant to Federal Rules of Evidence 401 and 402.

Furthermore, the Court has ruled that the parties may proceed at trial with use of representative testimony as it relates to the experiences of the 55 similarly situated plaintiffs. February 10, 2009 Hearing. As the Court correctly recognized, it is well settled that courts may rely upon representative testimony to make determinations of liability and damages in a FLSA collective action case. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) (employees should not be penalized for their inability to precisely prove uncompensated work when their employers' fail to keep legally required records); Reich v. Gateway Press, Inc., 13 F.3d 685 (3d. Cir. 1994) ("Courts commonly allow representative employees to prove violations with respect to all employees."); Kearns, The Fair Labor Standards Act (BNA 1999), § 18.VIII.E at 1333-34 (noting that "representative testimony has been widely accepted by the courts" in FLSA cases). The Mt. Clemens court explained that plaintiffs satisfy their burden of proof at trial once they produce sufficient evidence to show that liability or entitlement to damages are "a matter of just and reasonable inference." 328 U.S. at 687. Applying this rule to the FLSA collective action context, plaintiffs need not have every opt-in plaintiff testify at trial and instead may present representative evidence that supports a "just and reasonable interference" of liability.[1] Id at 688; see also Brennan v. General Motors Acceptance Corp., 482 F.2d 825, 829 (5th Cir. 1973); Reich v. Gateway Press, Inc., 13 F.3d 685 (3d Cir. 1994); Donovan v. Simmons,

---

[1] Consistent with this reasoning is the fact that courts are empowered under Federal Rule of Evidence 403 to prevent the needless presentation of cumulative evidence, which is triggered once a plaintiff has presented sufficient evidence to show a FLSA violation is a just and reasonable inference.

725 F.2d 83, 86 (10th Cir. 1983); Donovan v. Burger King Corp., 672 F.2d 221, 225 (1st Cir. 1982).[2]

In light of these rulings, the only testimony concerning Defendant's restaurant practices that is relevant at trial will be testimony regarding the shifts actually worked by the 14 representative trial witnesses.  Any testimony or evidence regarding stores or shifts beyond those worked at or worked by Plaintiffs' representative trial witnesses would inadmissible as irrelevant to the specific claims raised by the plaintiffs in this matter.  Furthermore, to the extent any such evidence relates to work shifts of opt-in plaintiffs beyond those identified as representative trial witnesses, such testimony would be barred by the Court's decision to permit representative testimony.  If Defendant can introduce testimony regarding the claims of the non-designated opt-in plaintiffs, this evidence not only flies in the face of the Court's rulings on the appropriateness of representative testimony and the similarly situated status of the plaintiffs, but it also undermines the very purpose and efficiency of using representative evidence in the first place.[3]

In addition, testimony regarding shifts or time periods where representative opt-in plaintiffs did not work would result in prejudice, confusion, or undue delay in contravention of Federal Rule of Evidence 403.  Permitting Defendant to present evidence of other stores or other shifts that did not involve the representative plaintiffs will serve only to confuse the jury as to the liability questions at issue by improperly focusing their attention on the experiences of individuals beyond those of the representative plaintiffs.  Moreover, the presentation of this testimony would also result in undue delay and a waste of the Court's time since it would result in the presentation of cumulative, redundant, or unnecessary evidence.

---

[2] Courts routinely permit the use of representative samples constituting anywhere from 10-15% of the class.  See Herman v. Davis Acoustical Corp., 21 F.Supp.2d 130 (N.D.N.Y. 1998) (8.7% representative sample adequate); Donovan v. Burger King Corp., 672 F.2d 221 (1st Cir. 1982) (sample of 11% sufficient); Herman v. Hector I. Nieves Transport, Inc., 91 F. Supp. 2d 435 (D. P.R. 2000) (approving of a 14% sample).

[3] The universe of relevant representative testimony could be reduced further if all 14 representative witnesses do not need to testify at trial.

Finally, evidence relating to Defendant's restaurant practices that fail to overlap with the shifts worked by the representative plaintiffs is inadmissible opinion testimony. Because this overly broad testimony would not be helpful to the "determination of a fact in issue" for the liability or damages of the representative plaintiffs and therefore the similarly situated group they represent, Rule 701 renders it inadmissible opinion testimony by a lay witness. F.R.E. 701.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion *in limine* to preclude Defendant from offering evidence of Defendant's restaurant practices for restaurants and periods beyond the scope of the designated representative plaintiffs' employment.

Dated:  March 2, 2009                     Respectfully submitted,

By:   /s/ James Kan
David Borgen, CA Bar No. 099354
borgen@gdblegal.com
Laura L. Ho, CA Bar No. 173179
lho@gdblegal.com
James Kan, CA Bar No. 240749
jkan@gdblegal.com
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA  94612-3534
(510) 763-9800

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing instrument has been forward to all counsel of record via the Southern District of Texas' CM/ECF electronic filing system on March 2, 2009:

**Fraser A. McAlpine**
HUNTON & WILLIAMS LLP
Bank of America Center
700 Louisiana Street, Suite 4200
Houston, Texas 77002
Phone: 713.229.5700
Fax:  713.229.5750

**Sara Gillian Noel**
Akin Gump Strauss Hauer & Feld LLP
580 California, Ste 1500
San Francisco , CA 94104

**Kevin James White**
Hunton & Williams LLP
Bank of America Tower
700 Louisiana Street
Suite 4200
Houston , TX 77002

**Marcia Nelson Jackson**
Akin Gump et al
1700 Pacific Ave
Ste 4100
Dallas , TX 75201-4675

**Michael Brett Burns**
Hunton & Williams
575 Market Street
Ste 3700
San Francisco , CA 94105

    /s/ James Kan
    James Kan