IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | § § § § | |
| | § | CIVIL ACTION NO. 4:05-CV-03733 |
| PLAINTIFF, | § § | |
| vs. | § § | Jury Requested |
| BRINKER INTERNATIONAL, INC., | § § | |
| DEFENDANT. | § | |

## DEFENDANT BRINKER INTERNATIONAL, INC.'S
## MOTION IN LIMINE

Defendant Brinker International, Inc. files this motion *in limine* and requests that this Court enter an Order to preclude and bar named-plaintiff Jennifer Roussell and all opt-in plaintiffs who are participating in this trial, as well as their counsel and all witnesses called on their behalf, from making any mention of, or conducting any interrogation regarding, or otherwise bringing before the jury, directly or indirectly, any of the matters enumerated below, unless or until such matters have first been called to the Court's attention outside the presence and hearing of all the prospective jurors and jurors ultimately selected in this lawsuit, and a favorable ruling has been received as to the admissibility and relevance of such matters.

The matters set forth herein would be inadmissible in evidence for any purpose on proper and timely objection in that they have no bearing on the issues in this action or the rights of the parties in this lawsuit. Permitting interrogation of witnesses, comments to jurors, or prospective juror, or offers of evidence concerning any of the matters set forth herein would prejudice the

jury, and sustaining objections to such questions, statements, or evidence introduced by counsel or witnesses will not prevent such prejudice.

Brinker requests that the Court enter an Order instructing plaintiffs, their attorneys, and witnesses called by plaintiffs to refrain from (1) making any reference, mention, statement, disclosure, suggestion or allusion to, (2) giving any testimony or argument concerning, or (3) introducing any exhibits before the jury panel or jury concerning any of the matters set forth in the following paragraphs for the reasons stated below:

1. Any mention or reference to any pre-trial motion filed by any party, or the Court's ruling or disposition thereof, except the motion to decertify or any other unsuccessful motion filed by plaintiffs.

2. Any references to discovery disputes, resistance to specific areas of discovery by either of the parties, or the Court's ruling on any discovery disputes.

3. Any mention of, reference to, evidence of, or information concerning or alluding to:

   a. the size, nature, or location of offices of defendant's law firms or the residence of any of its lawyers;

   b. the number of lawyers either party has utilized in this litigation; or

   c. that defendant's attorneys may be engaged to defend civil lawsuits on behalf of large companies or corporations.

4. Any reference to settlements involving one or more of the parties.

5. Any reference to settlement negotiations between the parties, including the substance of any settlement offers or responses made by any party.

6. Any reference to insurance or indemnity coverage or agreements available to defendant which may cover any or all of plaintiffs' causes of action and/or damages, if any, in this lawsuit.

7. Any testimony or argument suggesting that the parties, through their attorneys, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence.

8. Any attempt to reference or offer the sidebar or other comments of counsel at depositions or other proceedings.

9. Any reference or characterization that any party failed to cooperate with discovery in this case.

10. Any reference to any exhibit or evidence expressly excluded by the Court.

11. Any reference or characterization that testimony or documents excluded from this Court could have been admitted but for an objection by the opposing party.

12. Any reference to the amount of money expended by either party in preparing or trying this case.

13. Any reference or suggestion that either of the parties failed to call witnesses or could have called witnesses and chose not to do so.

14. Any attempt to request any party's attorneys to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

15. Any comment to the jury that the Court can reduce the amount of the jury's award.

16. Any attempt to elicit testimony from any of the plaintiffs or defense witnesses about communications with their attorneys. Such communications are privileged. *See* Fed. R. Evid. 501.

17. Any testimony or argument suggesting that plaintiffs' attorneys have a contingency fee in the suit, or any testimony or argument regarding plaintiffs' fee arrangement with their attorneys. Such evidence is not relevant and would serve to prejudice Brinker unfairly through jury confusion. FED. R. EVID. 401, 402, 403.

18. Any evidence, statement, or argument of other crimes, wrongs, or acts to prove the character of any witness to show that any witness acted in conformity with his or her character. *See* Fed. R. Evid. 404(b).

19. Any reference to any other litigation or settlements involving Brinker. Such evidence is not relevant and would serve unfairly to prejudice Brinker through jury confusion. FED. R. EVID. 401, 402, 403.

20. Any reference to or evidence relating to, concerning, or alluding to Brinker's assets, gross revenues, profits, net worth, or financial standing. Such evidence is not relevant and would serve unfairly to prejudice Brinker through jury confusion. FED. R. EVID. 401, 402, 403.

21. Any reference to or evidence of out-of-court statements purportedly made by current or former Brinker employees relating to QA tipping, including but not limited to: (1) whether management coerced the declarant into tipping QAs, (2) customary QA tipping practices, and (3) QA job duties. Such evidence is not

        relevant and would serve unfairly to prejudice Brinker through jury confusion. FED. R. EVID. 401, 402, 403.

22. Any reference or evidence relating to the identification of positions in Chili's restaurants on which Brinker has chosen to take a tip credit. A position does not have to be tip credit eligible to participate in a mandatory tip pool. Consequently, the identity of the tip credit eligible positions is irrelevant and unrelated to the issues in this case and would only serve to confuse the jury. FED. R. EVID. 401, 402, 403.

23. Any reference or evidence relating to any Brinker restaurant brand or concept aside from Chili's. Whether Brinker is affiliated with other restaurant brands or concepts, or allows employees of other brands or concepts to participate in tip pools, is irrelevant to the facts of this case and the introduction of such evidence would only serve to confuse the jury. FED. R. EVID. 401, 402, 403.

24. Any reference or evidence relating to Brinker's Job Code Project. The undisputed evidence reveals the Job Code Project did not address the issue whether QAs are eligible to participate in a tip pool based on the amount of customer service duties performed. The issue of whether QAs are eligible for tip credit, the purpose of the Job Code Project, is not an issue in this case. Thus, such evidence is irrelevant and its admission could only be for the purpose of confusing the jury and thus unfairly prejudicing Brinker. FED. R. EVID. 402, 403. In addition, the content of the documents related to the Job Code Project contain inadmissible hearsay. FED. R. EVID. 802.[1]

25. Any evidence relating to the written QA job description absent evidence that it was actually used in any restaurant at issue during any time period at issue in this lawsuit. The job duties actually performed by a QA determines the issue at hand in this case. Thus, a written job description is not evidence of the actual duties performed by a QA. FED. R. EVID. 401, 402, 403.

26. Any reference to or evidence of "industry custom" on QA tipping or how other restaurants handle the issue of QA tipping absent a proper evidentiary foundation. The manner in which other restaurants handle tips is not relevant in any way to Brinker and would create jury confusion. FED. R. EVID. 401, 402, 403.

27. Any testimony reflecting the witness or deponent's opinion that another Brinker employee was coerced into tipping out a QA. Such testimony is either speculation or inadmissible hearsay. FED. R. EVID. 802.

28. Any testimony or reference to any opinion as to whether Brinker should have distributed QA tip guidelines prior to January 2006. No law requires Brinker to provide such written guidelines to its employees and the distribution of such guidelines in January 2006 is what it is -- a distribution of guidelines from which

---

[1] Defendant will file a supplemental brief on this issue in due course.

   the jury may form its own opinion. The opinion of a witness is no evidence that Brinker should have distributed guidelines or when it should have published guidelines. Such evidence is not relevant and would serve unfairly to prejudice Brinker through jury confusion. FED. R. EVID. 401, 402, 403.

29. Any testimony or reference to any opinion, other than from a Brinker corporate representative or manager who otherwise testifies to having such an opinion, on the motives behind individual managers' alleged decisions to require or encourage QAs to participate in tip pools to drive down costs. Such testimony could only be based on speculation and is no evidence of the motives of Brinker or any of its managers.

30. Any testimony or other evidence that contains or reflects conclusions or opinions of law. *See, e.g., Lasiter v. Washington Nat'l Ins. Co.*, 412 F.2d 594, 597 (5th Cir. 1969) (Letters "written by company primarily contained assertions by the company's agents as to the legal interpretations to be placed on the policy . . . were mere conclusions of law and should not have been admitted.").

31. Any testimony or other evidence that mentions or reflects whether "back of the house" expos received tips from servers. Back of the house expos perform duties that are different from front of the house expos or QAs. Thus, testimony or other evidence as to whether back of the house expos received tips from servers would create confusion on the part of the jury. Such evidence, moreover is not relevant to the issues before the Court and jury. FED. R. EVID. 401, 402, 403.

Dated: March 4, 2009                               Respectfully submitted,


                                                   /s/ Fraser A. McAlpine
                                                   **Fraser A. McAlpine**
                                                   State Bar No. 13321300
                                                   Federal I.D. No. 3407
                                                   **HUNTON & WILLIAMS LLP**
                                                   Bank of America Center
                                                   700 Louisiana Street, Suite 4200
                                                   Houston, Texas 77002
                                                   Phone: 713.229.5700
                                                   Fax:  713.229.5750

                                                   ATTORNEY-IN-CHARGE FOR DEFENDANT
                                                   BRINKER INTERNATIONAL, INC.

Of COUNSEL:

**Laura M. Franze**
State Bar No. 07389600
**Holly H. Williamson**
State Bar No. 21620100
**M. Brett Burns**
State Bar No. 03447900
**HUNTON & WILLIAMS, LLP**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via the Southern District of Texas' CM/ECF electronic filing system on March 4, 2009:

| |
|---|
| Martin A. Shellist, Esq.<br>Daryl J. Sinkule, Esq.<br>SHELLIST & LAZARZ LLP<br>1900 West Loop South<br>Suite 1910<br>Houston, Texas 77027 |
| Richard J. Burch<br>BRUCKNER BURCH PLLC<br>1415 Louisiana #2125<br>Houston, TX 77002 |
| David A. Borgen<br>James Kan<br>Laura L. Ho<br>GOLDSTEIN, DEMCHAK, BALLER, BORGEN &<br>DARDARIAN<br>300 Lakeside Drive<br>Suite 1000<br>Oakland, CA 94612 |

/s/ Fraser A. McAlpine
**Fraser A. McAlpine**

7