IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. 4:05-CV-03733 |
| VS. | § § | |
| BRINKER INTERNATIONAL, INC., | § § § | Jury Requested |
| DEFENDANT. | § § | |

## DEFENDANT BRINKER INTERNATIONAL, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OTHER THAN EVIDENCE EXPRESSLY CONCERNING PLAINTIFF'S TRIAL WITNESSES

Respectfully submitted,

**Fraser A. McAlpine**
State Bar No. 13321300
Federal I.D. No. 3407
**HUNTON & WILLIAMS LLP**
Bank of America Center
700 Louisiana Street, Suite 4200
Houston, Texas 77002
Phone: 713.229.5700
Fax:  713.229.5750

ATTORNEY-IN-CHARGE FOR DEFENDANT
Brinker International, Inc.

OF COUNSEL:

**Laura M. Franze**
State Bar No. 07389600
**Holly H. Williamson**
State Bar No. 21620100
**M. Brett Burns**
State Bar No. 03447900

**HUNTON & WILLIAMS, LLP**

**SUMMARY RESPONSE**

Plaintiffs' motion in limine seeking to exclude evidence and testimony that does not expressly concern the individual claims of Plaintiffs' fourteen hand-picked trial witnesses is completely lacking in merit, unsupported by any authority, and should be denied for multiple independent reasons.  Moreover, the arguments and concessions Plaintiffs make in this filing further demonstrate that Plaintiffs' self-selected group is not a "class" for collective action purposes.

First, Defendant has a due process right to present the evidence Plaintiffs challenges. Defendant has the right to defend itself against claims by all fifty-six opt-ins presently remaining in this case, not just fourteen opt-ins Plaintiffs selected to testify at trial.  Defendant is entitled to demonstrate that no "pattern and practice" exists.  Defendant is entitled to offer evidence to show that, as a matter of law, the purported representative testimony is not of an appropriate quality to constitute "representative testimony," and, as a matter of fact, not truly representative.  Case law solidly supports Defendant's position on this issue.  *See, e.g.*, *Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381 (E.D. La. 2008) (rejecting similar request by plaintiff to exclude evidence concerning non-opt-ins' employment experiences on the ground that doing so would be inconsistent with the claims plaintiff represented); *Thiebes v. Wal-Mart Stores, Inc.*, 2004 WL 1688544, at *5 (D. Or. July 26, 2004) (permitting jury instruction on the role of representative testimony, and the nature of a "pattern or practice" claim inherent in collective action litigation).[1] Basic fairness supports Defendant's position as well.  As Plaintiffs will argue to the jury that the testimony of the fourteen testifying opt-ins is representative of the non-testifying opt-ins,

---

[1]   The Court will recall that it previewed this very issue in its July 9, 2008 Order, when it stated that Defendant might "pose a question to the jury regarding the representative nature of the testimony." *See* July 9, 2008 Order at 34.

1

Defendants should be entitled to challenge not only the credibility of the testifying opt-ins, but respond to the argument that these witnesses are truly and fairly representative.

Second, the relief Plaintiffs seek -- the exclusion of a substantial part of Defendant's defense -- is not supported by any authority. The cases Plaintiffs cite merely support the unremarkable position that a plaintiff may, in an appropriate case, present evidence using representative proof at trial.[2] The cases do not speak to limitations on Defendant's evidence. Defendant is unaware of any court adopting the extreme position Plaintiffs take.[3] Moreover, that extreme position is unfair. The remainder class that has thus far been permitted to proceed consists of a group of opt-ins Plaintiffs hand-picked for deposition. The fourteen testifying opt-ins were strategically selected by Plaintiff, with no random selection whatsoever, and thus can fairly be described as "the hand-picked of the hand-picked." Under these circumstances, it would not only be manifestly unfair, but a particularly perverse violation of Defendant's due process rights, to let Plaintiffs' strategic decisions – about how best to prosecute their own case –

---

[2]   Defendant respectfully maintains its previously-stated positions that this is not an appropriate collective action case, and that representative proof is unworkable in these circumstances. More important, Defendant repeats its request that, if Plaintiff's new "notice" claim is not stricken, that the Court decertify this lawsuit based on the late interjection of that claim into this case, the inappropriateness of adjudicating that new claim collectively or using representative proof, and the failure of Plaintiffs to address the new claim in any trial plan. Defendant respectfully requests a ruling on this issue, as presented in its March 4, 2009 Application for Emergency Relief (Dkt 211).

[3]   To the extent that Plaintiffs argue that their position is supported by the Court's rulings, they are demonstrably incorrect. Plaintiffs never asked for a ruling to exclude Defendant's evidence. The statement that "this Court ruled that the lawsuit is limited only to the direct experiences of the 55 opt-in plaintiffs currently before it and does not expand to the experiences of the entire stores in which they worked" is not true. (Plaintiff cited to page 23 of the Court's January 26, 2009 order to support this allegation, but that language does not appear on page 23 and cannot reasonably be inferred from that page.) The Court never ruled that "the only relevant evidence of restaurant practices relating [to] plaintiffs' claims is limited to that which addresses the exact time periods and shifts that they worked," either. Plaintiffs cite no authority for this assertion.

2

define the universe of evidence and testimony Defendant can offer to defend itself.

Third, the relevance, prejudice, and confusion concerns Plaintiffs express are overblown. The evidence obviously is relevant to the claims of the 56 remaining opt-ins, as explained previously. It was obtained during discovery and defined by the claims remaining in this litigation. All of Defendant's restaurant-level witnesses touch a restaurant where an opt-in worked. Almost all touch a restaurant where a deposed opt-in plaintiff worked at a time when the deposed opt-in plaintiff worked there. None of the evidence presents any legitimate danger of prejudice or confusion, and Plaintiffs offer no competent argument otherwise. There is no basis for exclusion on evidentiary grounds. This motion presents the classic situation where the motion to exclude should be denied on the ground that the arguments go to the weight of the evidence, not its admissibility.

Fourth, Plaintiffs have waived their right to exclude this evidence by their failure to present a properly vetted collective action trial plan. Most of Defendant's trial witnesses have been known since November 2007. If Plaintiffs wanted to exclude evidence that does not concern a restaurant where one of plaintiffs' trial witnesses worked, Plaintiffs should have addressed this issue in a proper trial plan, not in a motion in limine. They had the burden to propose a trial plan, and they did not carry that burden. *See, e.g.*, July 9, 2008 Order at 48-49 (recognizing "it was Plaintiffs' burden to come forth with evidence demonstrating that collective treatment is appropriate in response to Defendant's [decertification] motion"); *accord McNamara v. Bre-X Minerals*, *Ltd.*, No. 5:97-CV-159, 2003 U.S. Dist. LEXIS 25641 (E.D. Tex. Mar. 31, 2003) (denying class certification, noting, among other things, "the failure to submit a workable trial plan").

Fifth, the arguments and concessions Plaintiffs make in this motion in limine demonstrate

3

that this case is not an appropriate collective action. Plaintiffs *expressly concede* that "this case is neither a nation-wide collective action nor a store-wide collective action," but is instead "a collective action limited to 55 similarly situated opt-ins." Plaintiffs' Motion in Limine at 1. This concession is particularly revealing. It compellingly illustrates what Brinker has maintained: that this is now a mass joinder action, rather than a collective action. Mass joinder actions are not Section 216(b) collective actions and may *not* be adjudicated using representative proof. The exclusionary arguments Plaintiffs make emphasize this point. The position that they advance in this motion in limine would be appropriate for a mass joinder case involving 14 plaintiffs, because in such a case evidence concerning other work locations would not be relevant. Here, on the other hand, because this case is proceeding as a collective action, evidence concerning all of the restaurants where the 56 remaining opt-ins worked is relevant. Indeed, in a collective action, evidence concerning any of the restaurants where the supposedly illegal policy applied would be relevant.

    Earlier in this case, Plaintiff's counsel attempted to side-step the requirement that they prove the existence of a nationwide illegal policy by asserting that the notices of consent "acted as a class filter by limiting opt-ins to only those servers who did not voluntarily tip-out expediters." *See* Plaintiff's Brief on Trial Witnesses (Dkt 44) at 4-5. This was an attempt to obtain class certification "by self-selection," an approach rejected in *Chase v. AIMCO Properties, LP*, [Order, No. 217, 1:03-cv-01683], (D.D.C. March 28, 2007), attached as Exhibit A to Defendant's Response to Plaintiff's Brief on Trial Witnesses (Dkt 45). Now, Plaintiffs admit that they are not seeking to establish the existence of a nationwide illegal policy.[4] Now, the evidence of self-selection is even more compelling. Plaintiffs seek to limit the evidence to a

---

4    Indeed, Plaintiffs do not even argue that there was an illegal policy that operated "restaurant-wide," but is instead limited to the direct experiences of the 56 remaining opt-ins. *See* footnote 3, *supra*.

subset of 14 trial witnesses, selected from the subset of 56 "deposed opt-ins," who are a subset of the approximately 3,600 Servers who consented to join this litigation, who are a subset of the original set of approximately 65,000 Servers who received notice. A collective action is concerned with the alleged nationwide illegal policy that applies to the entire set of 65,000 Servers, and when representative testimony is properly used, it pertains to the nationwide policy affecting that entire set. Otherwise, that testimony is not "representative" as a matter of law.

Plaintiffs' effort to limit the testimony to restaurants where one of their 14 trial witnesses worked is also an admission that their testimony is not "representative." If evidence concerning QA job duties at "Restaurant A" is representative, it serves as evidence concerning the QA job duties at "Restaurant B." And, conversely, evidence concerning QA job duties at "Restaurant B" would serve as evidence of QA job duties at "Restaurant A." Plaintiffs want to use evidence from "Restaurant A" as proof of QAs job duties at "Restaurant B," but want to exclude evidence concerning "Restaurant B."  If the evidence was truly representative, Plaintiffs would have no motive to exclude evidence from "Restaurant B," but would concede that evidence concerning "Restaurant B" is equally relevant to <u>both</u> "Restaurant A" and "Restaurant B." Their effort to exclude evidence concerning restaurants where no trial witness worked undermines completely their argument that the evidence in this case is in any sense "representative."

Defendant is available to participate in a hearing to discuss the issues presented in this filing as the Court deems appropriate.

WHEREFORE, Defendant Brinker International, Inc. asks the Court to set this matter for immediate hearing, and deny Plaintiffs' Motion in Limine.

Dated: March 5, 2009    Respectfully submitted,

/s/ Fraser A. McAlpine
**Fraser A. McAlpine**
State Bar No. 13321300
Federal I.D. No. 3407
**HUNTON & WILLIAMS LLP**
Bank of America Center
700 Louisiana Street, Suite 4200
Houston, Texas 77002
Phone: 713.229.5700
Fax:  713.229.5750

ATTORNEY-IN-CHARGE FOR DEFENDANT
BRINKER INTERNATIONAL, INC.

Of COUNSEL:

**Laura M. Franze**
State Bar No. 07389600
**Holly H. Williamson**
State Bar No. 21620100
**M. Brett Burns**
State Bar No. 03447900
**HUNTON & WILLIAMS, LLP**

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via the Southern District of Texas' CM/ECF electronic filing system on March 5, 2009:

| |
|---|
| Martin A. Shellist, Esq.<br>Daryl J. Sinkule, Esq.<br>SHELLIST & LAZARZ LLP<br>1900 West Loop South<br>Suite 1910<br>Houston, Texas 77027 |
| Richard J. Burch<br>BRUCKNER BURCH PLLC<br>1415 Louisiana #2125<br>Houston, TX 77002 |
| David A. Borgen<br>James Kan<br>Laura L. Ho<br>GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN<br>300 Lakeside Drive<br>Suite 1000<br>Oakland, CA 94612 |

/s/ Fraser A. McAlpine
Fraser A. McAlpine

7