IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSSELL, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF, <br><br> VS. <br><br> BRINKER INTERNATIONAL, INC., <br><br> DEFENDANT. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:05-CV-03733 <br><br><br> Jury Requested |

### DEFENDANT BRINKER INTERNATIONAL, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE DOCUMENTS AND TESTIMONY RELATED TO THE JOB CODE PROJECT

Respectfully submitted,

**Fraser A. McAlpine**
State Bar No. 13321300
Federal I.D. No. 3407
**HUNTON & WILLIAMS LLP**
Bank of America Center
700 Louisiana Street, Suite 4200
Houston, Texas 77002
Phone: 713.229.5700
Fax:  713.229.5750

ATTORNEY-IN-CHARGE FOR DEFENDANT
Brinker International, Inc.

OF COUNSEL:

**Laura M. Franze**
State Bar No. 07389600
**Holly H. Williamson**
State Bar No. 21620100
**M. Brett Burns**
State Bar No. 03447900

**HUNTON & WILLIAMS, LLP**

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

The rulings in the Court's March 6, 2009 Order further confirm the propriety of Defendant Brinker International, Inc.'s Motion in Limine to Exclude Documents and Testimony Related to the Job Code Project.  As the Court stated, whether a QA is tip-pool eligible turns on (1) whether "employees have more than minimal customer interaction and perform important customer service functions (*i.e.*, functions that are more like those of [servers] than [cooks])," or (2) whether "[employees] have only minimal customer interaction, as long as their primary duties entail important customer service functions."  See March 6, 2009 Order at 4-5.  These determinations are highly fact intensive inquiries focusing on the actual customer service job duties performed by the QA employees.  Plaintiffs have designated fourteen opt-in plaintiffs to present their best case on what the QAs at their restaurants did and did not do, and Defendant has designated its own witnesses to do the same thing.  After hearing this evidence, the Court will then be asked to decide whether decertification is appropriate, and, depending on that decision, the jury will be asked to decide whether QAs may share tips or not pursuant to the legal framework the Court has established.  This is precisely the collective action trial opportunity Plaintiffs have sought.

Testimony and evidence concerning a corporate job code project conducted by non-attorney employees in Dallas, Texas has no place in this analysis.  Application of the Court's standard turns on a fact intensive inquiry into what the QA employee actually does, not on what non-lawyer corporate employees in Dallas, Texas, generally opined in the context of an internal job code assessment research project that did not even consider the factors this Court has recognized to define the proper legal analysis of a QA tip pool eligibility claim.  That is, the Dallas corporate office did not consider whether and to what extent QAs perform customer

1

service job duties or interact with customers. What is relevant is what the QAs actually did, not what corporate employees allegedly may have assumed. Accordingly, even assuming that the multiple, gravely serious evidentiary problems identified in Defendant's prior filing could possibly be resolved, and Defendant respectfully submits that they cannot, the job code evidence has no natural place in the claim the Court has defined or the lawsuit Plaintiffs have sought.[1] For these many reasons, testimony and evidence concerning the corporate job code project should be excluded.[2]

## II.  ARGUMENT

The Court has now issued two orders in which it has established the legal framework to adjudicate a QA tip pool eligibility claim. *See* July 9, 2008 Memorandum and Order (Dkt. No. 162) at 20-21; March 6, 2009 Memorandum and Order (Dkt. No. 228) at 4-5. Thus, as framed by the Court, the trier of fact will need to engage in a highly fact intensive inquiry comparing actual job duties performed by QAs on a day-to-day basis against the actual job duties performed by employees who are or are not known to be tip pool eligible. Evidence of what QAs did or did not do will be presented at trial by the QAs who performed the job duties, the servers who either witnessed others performing QA job duties or performed the duties themselves (since many servers, including opt-ins, also worked as QAs), and managers who assigned and observed others performing the job duties.

---

[1] Indeed, the only conceivable relevance the job code project could possibly have would be to show that Defendant's alleged FLSA violations were willful, or to negate a possible "good faith" defense. However, as discussed in Defendant's prior filing, on March 4, 2009, Brinker informed the Court that Brinker would concede the applicability of the three-year statute of limitations, and accordingly willfulness will not be an issue at trial. Likewise, on March 4, 2009, Brinker informed plaintiffs' counsel that Brinker would not assert a "good faith" or "reasonable belief" defense to the award of liquidated damages, and therefore the documents cannot be admitted to prove the lack of good faith or lack of a reasonable belief. Thus, despite its multiple serious evidentiary problems, and its obvious potential for jury confusion and unfair prejudice, the job code evidence cannot provide any probative value on any issue of fact to be decided by the jury.

[2] Defendant hereby incorporates (and does not waive) all other evidentiary objections made in its opening motion, (Dkt. No. 222), as alternative bases for excluding Plaintiffs' Job Code Project evidence.

In stark contrast to this highly probative evidence offered by individuals who actually worked at the restaurants is evidence concerning the alleged views of non-attorney corporate employees who worked in Defendant's Dallas headquarters. This evidence has no probative value to the test framed by the Court. It consisted, *inter alia*, of lay opinions on how to classify job codes on a nationwide basis, with no assessment whatsoever of whether or to what extent QAs contribute to customer service or interact with customers. *See* Defendant's Motion in Limine to Exclude Documents and Testimony Related to the Job Code Project, (Dkt. No. 222). The admission of such evidence does not fit with the framework established by the Court. For reasons discussed in Defendant's prior motion in limine filing, it would only mislead the jury and result in confusion of the issues, undue duly and unfair prejudice to Defendant.

### III.  CONCLUSION

For all the foregoing reasons and for all of the other reasons discussed in its opening motion, Defendant respectfully requests that the Court exclude the Job Code Project evidence, consisting of Plaintiffs' Exhibits Nos. 7, 8, 9, 51, 52, 53, 54, 55, 56, 57, 68, 69, 70, 71, 72, and 73, as well as Exhibits Nos. 84, 85, 86, 87, 88, 91, 92, and 93 (which were added to Plaintiffs' Amended Exhibit List), and any additional amended exhibits Plaintiffs may later add concerning the Job Code Project, as well as testimony concerning the Job Code Project, from admission during trial.

4

Dated: March 8, 2009	Respectfully submitted,


	/s/ Fraser A. McAlpine
	**Fraser A. McAlpine**
	State Bar No. 13321300
	Federal I.D. No. 3407
	**HUNTON & WILLIAMS LLP**
	Bank of America Center
	700 Louisiana Street, Suite 4200
	Houston, Texas 77002
	Phone: 713.229.5700
	Fax:  713.229.5750

	ATTORNEY-IN-CHARGE FOR DEFENDANT
	BRINKER INTERNATIONAL, INC.

Of COUNSEL:

**Laura M. Franze**
State Bar No. 07389600
**Holly H. Williamson**
State Bar No. 21620100
**M. Brett Burns**
State Bar No. 03447900
**HUNTON & WILLIAMS, LLP**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via the Southern District of Texas' CM/ECF electronic filing system on March 8, 2009:

| |
|---|
| Martin A. Shellist, Esq.<br>Daryl J. Sinkule, Esq.<br>SHELLIST & LAZARZ LLP<br>1900 West Loop South<br>Suite 1910<br>Houston, Texas 77027 |
| Richard J. Burch<br>BRUCKNER BURCH PLLC<br>1415 Louisiana #2125<br>Houston, TX 77002 |
| David A. Borgen<br>James Kan<br>Laura L. Ho<br>GOLDSTEIN, DEMCHAK, BALLER, BORGEN &<br>DARDARIAN<br>300 Lakeside Drive<br>Suite 1000<br>Oakland, CA 94612 |

/s/ Fraser A. McAlpine
**Fraser A. McAlpine**