UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JENNIFER ROUSSELL, on Behalf of Herself and Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BRINKER INTERNATIONAL, INC., <br><br> Defendant. | § § § § § § § § § § § CIVIL ACTION NO. H-05-3733 |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion in Limine To Exclude Documentary and Testimonial Evidence Regarding Coercion, Willfulness, Good Faith, and Reasonable Belief. (Doc. No. 226.) For the following reasons, Defendant's Motion will be granted.

**I. MOTION IN LIMINE CONCERNING COERCION, WILLFULNESS, GOOD FAITH, AND REASONABLE BELIEF** (Doc. No. 226)

Because the Court will not revisit its coercion definition at this time, Defendant asserts that it will concede the issue of coercion for the purposes of trial with respect to the 14 opt-in Plaintiffs, reserving all appeal and other rights. In addition, Defendant avers that it will not assert a "good faith" or "reasonable belief" defense to contest the application of liquidated damages, nor will it contest the application of a 3-year statute of limitations.

Defendant now asks that the Court exclude evidence on matters that concern willfulness, good faith, and reasonable belief, as well as evidence that Defendant coerced or forced Plaintiffs to share tips with QAs or involuntarily "tip out" QAs. Defendant

contends that these issues are no longer relevant and introduction of such evidence would be prejudicial, confuse and mislead the jury, and cause undue delay. *See* FED. R. EVID. 402-403. Plaintiffs respond that Defendant has conceded these issues and parties have not stipulated that these issues are no longer triable. They contend that "a party may not preclude his adversary's proof by an admission or offer to stipulate," unless the probative value of the relevant evidence is substantially outweighed by its potential for unfair prejudice. FED. R. EVID. 403; *U.S. v. Palmer*, 37 F.3d 1080, 1084 (5th Cir. 1994); *U.S. v. Spletzer*, 535 F.2d 950, 955 (5th Cir. 1976).

To the extent Plaintiffs are asking the Court to read Defendant's admissions to the jury, the Court declines to do so as unfairly prejudicial under FED. R. EVID. 403. In addition, the issue of willfulness is no longer material to any of the triable issues given that the statute of limitations and the good faith defense are no longer at issue such that evidence of willfulness would be confusing and cause undue delay.[1] The remaining issue in this case is Defendant's 203(m) affirmative defense—whether the QAs were tip-pool eligible. The Court will admit all evidence relevant to this issue.

## II. CONCLUSION

Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 9th day of March, 2009.

---

[1] A finding of willfulness is relevant to two determinations in a FLSA case. First, a finding of willfulness extends the statute of limitations to three years. Second, while liquidated damages are mandatory if the jury finds a violation of the FLSA's minimum wage provisions, 29 U.S.C. § 216(b), a court may decide that liquidated damages should not be awarded upon a finding that the defendant acted in "good faith" and had "reasonable grounds" for believing that its actions did not violate the FLSA. 29 U.S.C. § 260; 29 C.F.R. § 790.222. The Tenth Circuit explained that the jury's determination of willfulness, for purposes of applying the proper statute of limitations, should be used by the Court to determine whether the good faith defense applies. *See Brinkman v. Dep't of Corrections of the State of Kansas*, 21 F.3d 370, 372-73 (10th Cir. 1994).

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**